MARY E. WOODARD *vs.* SAMUEL S. EASTMAN & another.

Franklin. September 22. — 23, 1875. AMES & DEVENS, JJ., absent.

In an action by a married woman for a libellous publication setting forth that her husband had heard from intercepted letters that A. had planned to elope with her, in which the defendant's answer alleged in justification the truth of the publication, the plaintiff's bill of exceptions stated that the husband, a witness for the plaintiff, upon cross-examination testified that he had never told any person that he had taken a letter from the post-office addressed to his wife from A. of the purport of the alleged libel, or that he had intercepted any such letter, and that he specially denied ever having told C. or D. anything of the kind, or that he had destroyed such letter; that the defendant, against the plaintiff's objection, was allowed to call C. and D. who testified that the husband told them that he took a letter from the post-office addressed to his wife, that he opened it and found it was from A., that it appeared from it that A. was going to a certain town to see his wife, that he caught A. when he came according to the appointment in the letter, and that he had destroyed the letter; that the presiding judge instructed the jury upon this part of the case, that they might consider the testimony of C. and D. so far as it contradicted the hus-

band's testimony, but that the evidence was not competent to prove the truth of the ïbel, or to prove that the husband received or destroyed such a letter, or that such a letter was ever taken from the post-office, or to prove its contents; and that the jury found for the defendant. *Held*, that the bill of exceptions failed to show that the evidence of C. and D. was incompetent.

TORT for libel. The declaration alleged that the defendants printed and published of the plaintiff a certain article or item in their newspaper containing amongst other matter the following: " It appears that Elbridge G. Woodard, whose wife (meaning the plaintiff) is employed in the kitchen of the Mansion House, had heard from intercepted letters, that one Bailey, a blacksmith of Shelburne Falls, had planned an elopement with Mrs. W. (meaning the plaintiff.)"

The answer contained a demurrer assigning for cause that the words above set forth were not actionable, and upon a fair construction of them cast no imputation upon the plaintiff's character; and also contained a general denial of all the material allegations of the plaintiff, except those as to the printing and publishing of the libel, which were admitted, and alleged, by way of justification, the truth of what was published, that the same was privileged as being " current news of the day," and that the plaintiff's character had not been damaged thereby.

In the Superior Court, *Aldrich*, J., overruled the demurrer, and the case proceeded to trial upon the above issues.

The plaintiff called her husband Elbridge G. Woodard as a witness, who, upon cross-examination, testified that he had never told any person that he had taken a letter from the post-office addressed to his wife from Bailey, of the purport mentioned in the alleged libel, or that he had intercepted any such letter, and he specially denied that he had ever told Euclid Owen, or S. D. Bardwell, that he had taken such letter from the post-office, or intercepted any such letter, or that he had said to them anything of that kind, and denied that he had told the last named persons that he had destroyed such letter. Against the plaintiff's objection the defendants were allowed to call said Owen and Bardwell, both of whom testified that the husband of the plaintiff had told them that he took a letter from the post-office addressed to his wife, that he opened it, and found it was from Bailey; that it appeared from it that Bailey was going to Greenfield to see his

(Woodard's) wife; that he caught Bailey when he came according to the appointment in the letter; and that he (Woodard) had destroyed that letter.

The judge instructed the jury that they might consider this evidence of Owen and Bardwell, so far as it tended to contradict the plaintiff's husband in what he had testified contrary thereto; but that the evidence was not competent to prove the truth of the alleged libel against the plaintiff, or to prove that Woodard did in fact receive or destroy such a letter, or that there ever was such a letter taken from the post-office, or to prove the contents of the letter. The evidence upon the other parts of the case in issue was conflicting. The rulings of the judge with reference to them and the entire case, except in the above particular, were acquiesced in by the plaintiff.

The jury returned a verdict for the defendants; and the plaintiff excepted to the admission of the above evidence, and to the ruling and instruction of the judge with reference to the same.

*C. G. Delano*, for the plaintiff.

*C. C. Conant*, for the defendants.

BY THE COURT. The question whether the husband had intercepted such letters as were mentioned in the alleged libel would be material to the issue on trial. The bill of exceptions implies, in the statement of his cross-examination, that he had testified in chief that he had received no such letters, or at least contains nothing to show that he had not so testified. The plaintiff therefore fails to sustain the burden, resting upon her as the excepting party, of showing that the evidence admitted to contradict him and impeach his credibility was irrelevant or incompetent.

*Exceptions overruled.*