PETER DAGIS *vs.* WALWORTH MANUFACTURING COMPANY.

Suffolk.    December 13, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

An employee, who, having been told by one acting as a superintendent for his
employer to go to work on a certain machine, objects to doing so because he
does not know how to run it, but, under a threat of dismissal, goes to work at
the machine, does not assume the risk of injury from defects in the machine
which are not obvious and of which he does not know and is not warned.

If an employee is put at work upon a machine without his employer or any one
with authority from the employer giving him any warning as to the nature
of the machine or any instruction as to the way to run it, and is injured by
reason of a defective or dangerous condition of the machine and of the method
he is using while he is engaged in performing his work in a manner in which
he had been told to do it by his fellow employees, the employer cannot escape
liability on the ground that, in doing the work in the manner which caused his
injury, the employee was acting without authority from him.

If oiling or cleaning a certain machine is necessarily incident to its operation and
an employee is set at work upon the machine without any instruction as to
the method of running it and is injured by reason of its automatically starting
while he is oiling it, the employer cannot escape liability for the injury on the
ground that the employee was not directed to oil the machine by him or by
any one acting in his behalf.

TORT for personal injuries alleged to have been received by the
plaintiff while he was in the employ of the defendant and at work
upon a defective machine, the first count of the declaration alleg-
ing as the cause of the injury negligence of a superintendent of
the defendant, and the second count alleging as the cause a
failure of the defendant to warn the plaintiff of the machine's
defective character.    Writ dated June 13, 1910.

In the Superior Court the case was tried before *Dubuque,* J.

The plaintiff testified in substance that he was a Lithuanian,
forty years of age, and that he had lived in this country eleven
years; that at the time of his injury he had worked for the de-
fendant about a year upon a drilling machine; that previous to
two o'clock in the afternoon of the day when he was injured he had
not worked on a machine like the one on which he was injured,
which was a machine for threading wrench jaws; that at that

time the second hand, who was in charge in the absence of the "boss" of the room where the defendant worked, directed the plaintiff to go to work on the threading machine; that he told the second hand that he did not know how to run that machine, and that the second hand told him to go home if he did not know how to run it; that the second hand did not show him how to run the machine, but that some of his fellow employees told him about oiling it and about the belts; that then he oiled it and, with successive oilings, ran it for two hours; that it was equipped with a shifting lever and that, when the lever was placed in an upright position, the machine would stop and remain stationary until the lever was shifted; that, the machine needing to be cleaned from oil, he placed the lever in an upright position, took some waste and was cleaning the machine when, without any one touching the lever, the machine started, the waste was caught on a cog and it and his hand were dragged into the cogs. There also was evidence that the machine had started automatically on several occasions before the injury to the plaintiff.

The judge denied a motion of the defendant to strike out certain testimony of one White, who until two weeks before the accident had been in the defendant's employ, to the effect that, about five weeks before the plaintiff's injury, he had seen the machine start automatically. The bill of exceptions also stated that, against the defendant's objection and exception, White was permitted to answer the questions, "Now, did you notice anything peculiar about this threading machine that you were working on. Yes or no?" and "What was it?" It also stated that the defendant excepted to the plaintiff's being allowed to ask one Budwites, a fellow servant, "Now did you ever notice anything wrong about that machine, — this threading machine?" to which he replied, "Yes," and then was asked, "Now what was that that was wrong?" In neither case did the bill of exceptions state what answer the witness made to the second question.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked the judge to rule as follows:

"1. Upon all the evidence, the plaintiff is not entitled to recover.

"2. Upon all the evidence, the plaintiff is not entitled to recover upon the first count of his declaration.

"3. Upon all the evidence, the plaintiff is not entitled to recover upon the second count of his declaration.

"4. If the jury believes the plaintiff's story that he was told to go home if he did not undertake the job of threading the wrench jaws, he cannot recover.

"5. The fact that the plaintiff consented to undertake the work of threading the wrench jaws under threat of dismissal will not save him from being held to have assumed the obvious risks of his undertaking.

"6. If the jury find that the plaintiff would not have been injured except for the fact that he attempted to oil or clean the threading machine, and if the jury further believes that the plaintiff was not directed by any one in authority for the defendant to oil or to clean the machine, the plaintiff cannot recover."

The portion of the charge which referred to the assumption of risk by the plaintiff was in substance as follows: "When a person goes into the service of another he assumes all the known visible or obvious risks of his employment; that is, he assumes the risk of getting his hands caught in a gear if the machinery is running. . . . On the other hand if he stopped the machine and while he was cleaning oil upon the machine or doing something about the machine, the machine started of itself and hurt him, . . . then he would be entitled to recover. . . .

" The law is that a machine that starts of itself without any explanation or justification for it, that gives the right to the jury to infer from the starting of the machine in and of itself that the machine is defective and that the defective condition of the machine was caused by the negligence of the defendant. Of course the defendant has a right to produce evidence and witnesses to explain the starting of the machine if it did start of itself."

The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*E. C. Stone*, for the defendant, submitted a brief.

*J. A. McGeough*, for the plaintiff.

SHELDON, J. The jury could find that the plaintiff, while in the exercise of due care, was injured in consequence of the automatic starting of a machine upon which he had been set to work, at a time and under circumstances when it ought not to have started and would not have done so if it had been in proper repair

and condition. That, if there was nothing more in the case, entitled him to go to the jury and warranted a verdict in his favor. *Chiuccariello* v. *Campbell,* 210 Mass. 532. And see the cases there collected.

But the defendant contends that because the plaintiff, when ordered to go to work upon this machine, which according to some of the evidence had on previous occasions started automatically in the way now complained of, at first objected to doing so, but finally consented through fear of being discharged if he refused, he thereby accepted this more dangerous employment with its incidental risks, and thus assumed the risk of the very accident which happened to him, and so cannot recover therefor. *Leary* v. *Boston & Albany Railroad,* 139 Mass. 580. *Wescott* v. *New York & New England Railroad,* 153 Mass. 460. *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144. *Burke* v. *Davis,* 191 Mass. 20. But the risks assumed by a servant who consents to work upon a dangerous machine under such circumstances are the risks of working upon that machine in the condition in which it ought to be or in which it obviously is or is known by him to be. He does not assume the risk of injury from the presence of a hidden defect in the machine which is not communicated to him and which without fault on his part he does not perceive or apprehend. *Ford* v. *Fitchburg Railroad,* 110 Mass. 240, 261. This principle was applied in *Martineau* v. *National Blank Book Co.* 166 Mass. 4, to the stronger case of a servant undertaking to examine and repair a machine which he knew to be out of order. It could be found also that the second hand who put the plaintiff to work upon this machine was a superintendent within the meaning of St. 1909, c. 514, § 127, cl. 2, and was negligent in failing to give the plaintiff any instruction or warning. It follows that the first four requests of the defendant rightly were refused.

The fifth request was given, certainly in substance. The jury were expressly told that the plaintiff assumed all the obvious risks of the employment, and what was added about the automatic starting was correct.

As to the sixth request, there was evidence that the defendant put the plaintiff to work upon a machine which had a tendency to start automatically and with which the plaintiff had no acquaintance. There was a duty upon the defendant to warn and instruct

him. If, as could be found, the defendant merely left him to learn from the men around him what to do, it cannot complain that he did what he thus learned. Moreover, there was evidence that it was the practice to oil the machine. The plaintiff so testified, and added, "You have to oil them first before you start to do anything." If oiling or cleaning by the plaintiff was necessarily incident to the work assigned to him, an express direction by some one in authority from the defendant to do so was not called for. *Manning* v. *Excelsior Laundry Co.* 189 Mass. 231. *Laplante* v. *Warren Cotton Mills,* 165 Mass. 487. Accordingly the defendant's sixth request rightly was refused.

The defendant was not harmed by what the judge said to the jury as to the plaintiff's having been told to wipe off the oil from the machine. The defendant's only argument as to this is that there was no evidence that any one in authority gave such a direction to the plaintiff. But as we have seen this was not necessary.

The testimony of the witness White as to the automatic starting of the machine on different occasions some weeks before the accident was not incompetent. It tended to show that the alleged defect had lasted so long before the accident that the defendant ought to have known of it and remedied it. Nor was it too remote as a matter of law. *Todd* v. *Rowley,* 8 Allen, 51. *Post* v. *Boston,* 141 Mass. 189, 193.

The exceptions to the other questions put to White and to those put to Budwites cannot be sustained. The court could find that the witnesses were competent to answer them, and the questions were not themselves improper. *Arnold* v. *Harrington Cutlery Co.* 189 Mass. 547. Moreover, the answers of the witnesses are not reported, and we cannot say that they were prejudicial to the defendant.

*Exceptions overruled.*