WILLIAM H. SEXTON *vs.* BOSTON ELEVATED RAILWAY COMPANY.
MAURICE O'BRIEN *vs.* SAME.

Middlesex.   March 5, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Conduct of trial: requests and rulings, Exceptions.   *Negligence,* Employer's liability, *Res ipsa loquitur.*

The judge presiding at a trial need not give a ruling which assumes as true a fact in dispute.

In an action by an employee for personal injuries alleged to have been caused by his hand being crushed under a trip hammer which automatically started from a position of rest because of a defective condition, it was *held* that the judge's charge, in dealing with requests of the plaintiff for rulings as to the doctrine of *res ipsa loquitur,* was full, apt and correct.

An exception to the exclusion, by the judge presiding at a trial of an action for personal injuries, of a question bearing on the plaintiff's due care, will not be sustained where the judge gives as his reason for the exclusion that "the whole thing has been covered" and the bill of exceptions does not purport to contain the substance of all the evidence bearing on the question of the plaintiff's due care, and it does not appear what the answer to the question would have been.

TWO ACTIONS OF TORT for personal injuries caused by the descending of a trip hammer, alleged in the fourth count of each of the declarations, which was at common law and was the only count submitted to the jury, to have been a defective machine. Writs dated February 18, 1910.

In the Superior Court the cases were tried together before *Fox,* J.  The material facts are stated in the opinion.

At the close of the plaintiff's evidence the defendant rested. The plaintiffs asked for the following rulings:

"3. The fact that the hammer started automatically as the evidence shows it did in this case furnished evidence which unexplained tends to prove that the hammer machine had become defective."

"5. The jury have a right to find that the fact that the hammer moved in the way it did causing the injuries to the plaintiffs after the air had been shut off from the hammer by moving the power lever and thereby closing the power valve that the hammer or its appliances were defective.

"6. It is not necessary for the jury to find in order to establish negligence of the defendant that there had been evidence of a previous similar starting.

"7. The mere starting of the hammer in the way the evidence shows it started without the intervention of any human agency and when it should have remained at rest is of itself evidence of some defective condition of the hammer or its appliances.

"8. If the jury are not satisfied as to what was the specific cause of the starting of the hammer but do find as a fact that it started suddenly from a position of rest when it had been properly stopped they may consider that fact as evidence to show that there was some defective condition of the hammer or its appliances and some negligence in connection with that defective condition of the hammer and its appliances even though they cannot determine specifically what the defective condition was."

"10. The jury are justified in finding as men of experience in common affairs of life that such a hammer as the one involved in this case does not ordinarily start automatically without some negligence of omission or commission on the part of the defendant and that the existence of such negligence on the part of the defendant is the rational explanation of the starting."

The third, fifth, sixth and seventh rulings were refused. On the subject matter of the eighth and tenth rulings the judge charged the jury as follows:

"It is true, gentlemen, as suggested by the plaintiffs, that, if you find that the hammer just at that moment started of itself, you may find that that machine was defective. You must find, however, in order to find negligence on the part of the defendant, as I have said, that there was a defect that the defendant, by the exercise of reasonable care, should have discovered.

"And it is true, as suggested by the plaintiffs, that the courts have ruled that we cannot take the case from the jury on the ground that there is no evidence of neglect; but that does not mean, gentlemen, in such a case as this, — that does not mean,

gentlemen, that you should find neglect. They say that you, as fair minded men, as men of experience and observation, — that it is for you to determine whether that inference of neglect should justly be drawn from the circumstances of such a case as this; and you cannot find, as I have said, for the plaintiff in either case unless you find that this machine started automatically, without the hitting of that lever, and as a result of a defect which the defendant, in the exercise of ordinary care, proper care, reasonable care, should have provided against."

The jury found for the defendant; and the plaintiffs alleged exceptions.

*F. Hunt,* for the plaintiffs.

*H. D. McLellan,* for the defendant.

HAMMOND, J. Each case went to the jury upon the fourth count only of the declaration; and the jury were correctly instructed that the only ground upon which the plaintiff could prevail was that the trip-hammer was a defective machine; and they were further instructed that the burden was not upon the defendant to show that it was not defective but upon the plaintiff to show that it was.

The compressed air, which was the motive power of the hammer, reached it through a valve which was opened and closed by means of a lever hanging upon the machine and which is pushed toward or from an oblique to a horizontal position as may be desired. When the lever is in one position the valve is open and the hammer moves. When the lever is in another position the valve closes and the hammer should not move.

The contention of the plaintiff in each case was that while both were at work tightening up the springs of the machine preparatory to using it, the hammer started automatically; and their theory was that there was a leak in the valve; and there was evidence in support of this theory.

The theory of the defendant was that the movement of the hammer was not automatic, but that in some way, either accidental or otherwise, one of the plaintiffs moved the lever thereby opening the valve and letting on the power; and it contended that the plaintiffs had failed to show to the contrary.

Each case is before us upon exceptions to the refusal of the trial judge to give certain of the rulings requested, to the exclu-

sion of certain questions propounded to a witness for the plaintiff, and to the manner in which the judge dealt in his charge with the requests refused.

The third, fifth and seventh requests were rightly refused. They assumed as a fact an automatic starting, the very fact in dispute. On this point the jury were told in substance that if the jury were satisfied that the hammer did start without the movement of the lever, they might find the machine defective; and the judge left to the jury the question whether the hammer did so start.

The charge was full, apt and correct, and neither plaintiff has any just ground of complaint as to the manner in which the judge dealt with these and the other requests.

No error is shown in the exclusion of evidence as to the custom and practice adopted in the shop by all who worked upon this machine. It was offered as bearing only upon the question of the due care of the respective plaintiffs. The question was excluded upon the ground that "the whole thing has been covered." The bill of exceptions does not purport to give all the evidence bearing upon the due care of the plaintiff. Under these circumstances we cannot say that there was prejudicial error in the exclusion of the question. Moreover it does not appear what the answer would have been.

*Exceptions overruled.*