DAVID B. GODFREY *vs.* OLD COLONY STREET RAILWAY COMPANY.
ROBERT M. WOOD *vs.* SAME.

Norfolk. January 24, 1916. — March 8, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE,
& CARROLL, JJ.

*Evidence,* Materiality, Competency. *Practice, Civil,* Exceptions, Conduct of trial.
*Negligence,* Street railway.

In an action against a street railway corporation for personal injuries sustained
in consequence of a collision between a car of the defendant and a coach in which
the plaintiff was a passenger, which occurred on a square in a city crossed by
intersecting streets, it is proper for the presiding judge to permit witnesses for
the plaintiff to testify, against the defendant's exception, that cars of the de-
fendant always stopped at this square even when there were no passengers to
get on or off, the fact of the stopping having a tendency to show, in the absence
of evidence to the contrary, that such stopping was because of the danger from
the intersecting streets and to protect travellers on the highway.

In the same case a witness for the plaintiff testified that the car of the defendant was
"going at a very good rate" and, when asked by the plaintiff's counsel what he
meant by a "very good rate," answered, "Well it was going so fast that a man
could not cross the track at the rate it was going." The defendant's counsel
asked to have this answer stricken out. The judge allowed it to stand and the
defendant excepted. *Held,* that the exception must be overruled, as it did not
appear that the defendant was harmed by the answer of the witness, which was
of no significance as tending to show the rate of speed at which the car was
moving.

In the same case it was *held* that evidence in behalf of the plaintiff was admissible
to show that the car was late, from which and other circumstances in the case it
might be inferred that the motorman in striving to make up lost time was going
at an unusual rate of speed; and it also was *held* that evidence was admissible to
show that the trolley came off before reaching the place of the accident, this
tending to explain a cause of the delay.

In the same case the presiding judge refused to allow the defendant to ask the
plaintiff, who was in the employ of a manufacturer, whether after the accident
he received a pension from his employer. The defendant made no offer of proof
showing what answer he expected. *Held,* that sufficient facts did not appear on
the record to show that the evidence was admissible, and an exception to its
exclusion was overruled.

In the same case there was evidence that the coach was struck "near its front
wheels, turning the coach end for end and overturning it," that the nearer end
of the coach was ten feet from the track after it landed and that "the driver was
thrown from his seat over the coach." A witness for the plaintiff was allowed,
against the defendant's exception, to testify that his father, who was driving
the coach at the time of the accident, was killed by the collision. *Held,* that, in
the absence of anything to show that this evidence was introduced for the pur-

pose of creating a prejudice against the defendant on a collateral issue, it was admissible in connection with the other evidence as tending to show the severity of the impact.

Where a party to an action has excepted to the admission of certain evidence, otherwise competent, on the ground that it tends to create a prejudice against him on a collateral issue, the burden is upon him to disclose in his bill of exceptions sufficient evidence to show that the evidence objected to by him was introduced in such a way or at such a time as to demonstrate its purpose to arouse prejudice.

In the same case the motorman who was operating the car at the time of the accident was a witness for the defendant, and the plaintiff in order to contradict him introduced parts of his testimony given at the inquest upon the death of the driver. The defendant, on redirect examination, asked him, "Did you realize that the inquiry at the inquest was whether or not you were to blame for the death of" the driver? The defendant's declared purpose in asking this question was to show that the witness at the inquest was under a severe mental strain and that the contradictions in his testimony were to be attributed to that fact. The judge excluded the question, subject to the defendant's exception. *Held*, that it could not be said that the exclusion of the question was a wrongful exercise of discretion.

CARROLL, J. These two actions were tried together. The plaintiffs suffered injuries as the result of a collision between a coach in which they were passengers and a car of the defendant. The plaintiffs recovered verdicts.*

1. The collision occurred at Newcomb Square, Quincy, where Quincy Avenue is crossed by Howard Street. Several witnesses were permitted to testify, against the defendant's exception, that the cars of the defendant always stopped at Newcomb Square. This evidence had some tendency to show that it was the practice of the defendant to stop its cars at this place, and that this practice was established in the interest of public safety. If this were true, then the defendant's violation of the usage was a departure from the standard of safety which it had itself adopted. The evidence tended to show that the cars always stopped at this place, independent of whether there were passengers to get on or off, and, while there was nothing to show the particular purpose for which the cars stopped at this point, in the absence of evidence to the contrary the jury could say that it was because of the danger of the intersecting streets and to protect travellers on the highway. *Cross* v. *Boston & Maine Railroad, ante,* 144. *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476. *Floytrup* v. *Boston & Maine Railroad,* 163 Mass. 152.

---

* The cases were tried together before *McLaughlin,* J. The defendant alleged exceptions.

2. A witness for the plaintiff in direct examination said the car was "going at a very good rate." When asked by the plaintiff's counsel what he meant by a "very good rate," he replied, "Well, it was going so fast that a man could not cross the track at the rate it was going." The defendant asked to have the answer stricken out. The judge permitted it to stand. The answer of the witness conveyed very little, if any, information indicating the speed at which the car was moving. To say, that a person could not cross the track in front of a moving car, did not, in our opinion, tend to show the speed at which it was moving and we do not think the defendant was harmed by the answer.

3. The evidence showing that the car was late was admissible. The jury might infer from this fact, together with the other circumstances in the case, that the motorman was striving to make up lost time and was going at an unusual rate of speed. *Spooner v. Old Colony Street Railway*, 190 Mass. 132. And, as bearing on this point, the testimony of Godfrey, Hollis and McDougall was admissible. The testimony of the two former witnesses tended, although slightly, to show that the car was late, and the evidence of McDougall that the trolley came off the car before reaching the scene of the accident was admissible. This bore upon the cause of the delay.

4. The inquiry of the plaintiff Godfrey, whether he received a pension from his employer, the Fore River Ship Building Company, following his injury, was excluded. No offer of proof was made by the defendant showing what answer it expected. *Wright v. Chelsea,* 207 Mass. 460. While the diminished earning capacity of the witness was a material circumstance bearing on the question of damages, and without deciding whether a pension may not under some conditions be a material fact bearing on this issue, sufficient facts do not appear on the record to warrant us in saying that the evidence was admissible.

5. A witness, against the defendant's exception, was permitted to testify in substance that his father, who was driving this coach, was killed as a result of the collision. The defendant argues that such evidence created a prejudice against it, drawing away the minds of the jury from the real issue to its harm and injury. If the evidence was introduced for any such purpose, it was highly prejudicial. It was unfair, it was a wrong to the defendant and

should never have been admitted. On the other hand, the plaintiff had a right to show all material facts, however great the prejudice aroused by their narration. The severity of the impact was such a fact and the circumstances following from it might be material. There was evidence showing that the coach was struck "near its front wheels, turning the coach end for end and over-turning it, and the nearest end of the coach was ten feet from the track after it landed; the driver was thrown from his seat over the coach." All the evidence is not reported, but, from this brief statement of some of the facts in the case, in the opinion of the majority of the court it would appear that the evidence was admissible. If this testimony was inadmissible, either because there was no other evidence connected with it showing it to be important, or because it was introduced in such a way or at such a time as to demonstrate that its purpose was to arouse prejudice, it was for the excepting party to disclose sufficient evidence to show it was thus incompetent. *Jones* v. *Smith*, 121 Mass. 15. *Woodward* v. *Eastman*, 118 Mass. 403.

6. The motorman was a witness for the defendant. The plaintiff introduced parts of his evidence given at the inquest upon the death of the driver, in order to contradict him. The defendant, on redirect examination, asked him, "Did you realize that the inquiry at the inquest was whether or not you were to blame for the death of Mr. Hollis [the driver]?" The question was excluded. The defendant's declared purpose in asking this question was to show that the witness at the time of the inquest was under a severe mental strain and that the contradictions in his evidence were to be attributed to this fact. Something must be left to the wise discretion of the judge in such matters. The appearance and manner of the witness, the nature and the importance of the contradictory evidence are not before us, and we cannot say that there was error in excluding the question.

*Exceptions overruled.*

The case was submitted on briefs at the sitting of the court in January, 1916, and afterwards was submitted on briefs to all the justices.

*Asa P. French & J. S. Allen, Jr.*, for the defendant.
*D. J. Gallagher & B. H. Greenhood*, for the plaintiffs.