ARTHUR KREEGER & another *vs.* JACOB MARGOLIES & another.

Suffolk.    March 15, 1917. — May 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Admissions.    *Contract,* Implied.

At the trial of an action of contract upon an account annexed for goods alleged to have been sold and delivered by the plaintiff to the defendant, the plaintiff testified that, in the presence of the defendant, he marked down on slips of paper the goods ordered and selected by the defendant and, after agreement as to price, marked that down also, that he called the defendant's attention to what he was writing and showed him the papers and that the defendant saw them. He also testified that the goods shipped were those described on the slips. Subject to an exception by the defendant, the presiding judge admitted

the slips in evidence. *Held,* that the action of the judge was proper, the slips and the testimony relating to them being some evidence of an implied admission by the defendant that the unrepudiated statement therein of the goods ordered by him was correct.

CONTRACT upon an account annexed for goods alleged to have been sold and delivered by the plaintiffs, Arthur Kreeger and Irving Kreeger, copartners doing business under the firm name of Kreeger Brothers, to the defendants, Jacob Margolies and Adolph Jacobs, copartners doing business under the firm name of Margolies and Jacobs. Writ in the Municipal Court of the City of Boston dated January 15, 1914.

On removal to the Superior Court, the case was tried before *Lawton,* J. The material evidence and the exceptions of the defendants are described in the opinion. There was a verdict for the plaintiff in the sum of $926.31; and the defendants alleged exceptions.

*J. B. Jacobs,* for the defendants.

*L. B. King, (Lee M. Friedman* with him,) for the plaintiffs.

DE COURCY, J. As we understand this somewhat obscure bill of exceptions, it is not in dispute that the defendant Jacobs ordered and selected certain pieces of woollens at the plaintiffs' place of business in New York. Later the defendants received all the merchandise which the plaintiffs claimed to have delivered, but refused to accept four of the fifteen items, on the ground that these were not the same goods that they had ordered. This action was brought to recover for all the merchandise.

The only exception (other than one which was immaterial, and not argued,) is one to the admission in evidence of the front part of two pieces of paper purporting to show the goods that were ordered by the defendant Jacobs. The plaintiff Arthur Kreeger testified "we took out all the pieces and put them one side, and after checking them all off with Mr. Jacobs, the goods that he picked out, then I marked down in front of him on those two pieces of paper, on the order slips, whatever he selected, and after being agreed upon the price, then I marked down on the paper the prices which we agreed upon." He further testified that he called the attention of Jacobs to what he was writing, showed him the papers, and that Jacobs saw them; and further that these were the goods which were shipped. In these circumstances the written

orders were admissible as some evidence of an implied admission by Jacobs that the unrepudiated statement therein of the goods ordered by him was correct. The order of proof rested in the discretion of the court. We must assume that the application of this evidence was properly guarded in the charge, to which no exception was taken. *Commonwealth* v. *Neylon*, 159 Mass. 541, 545. *Sumner* v. *Gardiner*, 184 Mass. 433. *Auringer* v. *Cochrane*, 225 Mass. 273. The admissibility of the orders on other grounds need not be considered. See *Brooks* v. *Duggan*, 149 Mass. 304; *Rogers* v. *Krumrie*, 143 Mich. 15; *St. Joseph Hydraulic Co.* v. *Globe Tissue Paper Co.* 156 Ind. 665.

*Exceptions overruled.*