JULES POSELL *vs.* CHARLES HERSCOVITZ & another.

Suffolk.    January 19, 1921. — March 2, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Opening statement to jury, Exceptions, Discretionary power of judge as to evidence. *Evidence,* Living model.

It is within the discretionary power of the judge presiding at a trial to refuse to permit counsel in his opening statement to the jury to state the substance of letters, which his client "claimed to have read to" the other party to the action, where the judge states that the question of the admissibility of the letters would be open later when they were offered as evidence.

At the trial of an action upon an agreement in writing for the employment by the defendant, a manufacturer, of the plaintiff as a designer of suits and coats for women, an issue was, whether the plaintiff was a competent designer. During the direct examination of the defendant, he testified that he showed and read to the plaintiff five letters from as many customers "complaining as to the fit of the samples" designed by the plaintiff for the defendant and by the defendant sent to his trade at the plaintiff's request, and that the statements made therein were not denied by the plaintiff. The defendant thereupon offered the letters and they were excluded by the judge, who stated that no offer of proof was necessary "because the letters speak for themselves." The defendant saved an exception, but the letters were not included in his bill of exceptions

nor printed in the record. *Held*, that the exceptions must be overruled, as it was impossible to determine whether the defendant had been harmed by the exclusion of the letters.

It was within the discretionary power of the judge, at the trial above described, to refuse to permit the defendant to use his bookkeeper as a living model in the presence of the jury for the purpose of trying on a "suit coat" designed by the plaintiff.

CONTRACT upon an agreement in writing whereby the plaintiff agreed faithfully and diligently to serve as designer and manager in the factory of the defendants, "which manufactures skirts, suits and coats for Ladies and Misses," and the defendants agreed to pay the plaintiff $60 per week for the period of six months, the plaintiff further agreeing "to guarantee for the fit of all garments manufactured by the" defendants "and also to fulfill this agreement for the term of six months." Writ dated July 14, 1919.

In the Superior Court, the action was tried before *Morton,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,027.70, which, by order of the judge and consent of the plaintiff, afterwards was reduced to $907.70; and the defendants alleged exceptions.

The case was submitted on briefs.

*R. Gallagher & E. M. Dangel,* for the defendants.

*G. E. Roewer & J. Bearak,* for the plaintiff.

RUGG, C. J. The counsel for the defendants in his opening to the jury referred to letters which his clients "claimed to have read to the plaintiff" and attempted to state their substance. Thereupon the judge restrained counsel and restricted the opening, saying that the question of the admissibility of the letters would be open later when offered as evidence. In this there was no reversible error. The proper function of an opening is to outline in a general way the nature of the case which the counsel expects to be able to prove or support by evidence. He should not be allowed to state facts which are irrelevant or for any reason plainly incompetent. It is not the practice to pass upon the admissibility of evidence during the opening, but to leave those questions for subsequent ruling when they arise in the course of the trial. Very much must be left to the sound discretion of the trial judge in the orderly conduct of proceedings. It is his duty

of his own motion to restrain undue license on the part of counsel and to interpose when any effort is made to prejudice or inflame the minds of the jury, or to argue the merits under the guise of sketching his own case or to state proposed evidence manifestly inadmissible. In the reasonable discharge of his duty in these particulars, the judge is entitled to receive the loyal support of the bar, the obligation of whose oath is to act "with all good fidelity as well to the courts" as to their clients. It is the proper province of the judge to see that no improper advantage is taken by one side or the other and that the trial goes forward with the utmost fairness, and that, notwithstanding disparity in skill, ingenuity, and efficiency with which the issues are presented by contending counsel, the intelligence of the jury may be enlightened and not distracted by what happens in the court room, to the end that justice be even and incline one way or the other only according to the weight of the credible and competent evidence. *Commonwealth* v. *Howard*, 205 Mass. 128, 146. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 515. *O'Connell* v. *Dow*, 182 Mass. 541, 549. *Rich* v. *Jones*, 9 Cush. 329, 336. *People* v. *Wilson*, 55 Mich. 506, 513. *Walsh* v. *People*, 88 N. Y. 458, 465. *United States Fidelity & Guaranty Co.* v. *Poetker*, 180 Ind. 255, 269. *Caldwell* v. *Skinner*, 105 Kans. 32, 34. It is to be remembered that "the judge who discharges the functions of his office is . . . the directing and controlling mind at the trial, and not a mere functionary to preserve order and to lend ceremonial dignity to the proceedings." *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. There is nothing on this record to indicate any abuse of judicial discretion in curbing the opening of counsel.

One of the issues was whether the plaintiff was a competent designer of suits and coats. During his examination, one of the defendants testified that he showed and read to the plaintiff five letters from as many different customers "complaining as to the fit of the samples" designed by the plaintiff for the defendants and by them sent to their trade at plaintiff's request, and that the statements therein made were not then denied by the plaintiff. The defendants thereupon offered the letters, and they were excluded, the judge saying that no offer of proof was necessary "because the letters speak for themselves." No letters are included in the bill of exceptions or printed as a part of the record. There-

fore, it is impossible to determine whether any harm was done to the defendants by the exclusion of the letters. There is nothing on which to found an opinion whether they were admissible in evidence. They may have been incompetent by reason of their tenor even though shown to the plaintiff. It is the duty of the excepting party to show that harm has come to him by reason of the ruling of which he complains. The exception was duly saved and is stated. There is nothing to show the subject matter to which it applies beyond the general description. It was not necessary to make a formal offer of proof of the words of the letters. It was enough to offer them in evidence. But they should have been printed as a part of the bill of exceptions. There is strong ground for argument that the letters may have been competent by reason of the conversation concerning them with the plaintiff and his examination of them. *Auringer* v. *Cochrane,* 225 Mass. 273. *Kreeger* v. *Margolies,* 227 Mass. 223. *Welch* v. *McNeil,* 214 Mass. 402, 406. *Dutton* v. *Woodman,* 9 Cush. 255, 262. But, on the other hand, it is quite conceivable that they may have contained matter of such nature that they rightly might have been rejected.

This is not a case where the excepting party has omitted to state in his bill of exceptions an exception duly saved at the trial, which cannot be added by amendment after the expiration of the time for filing exceptions. *Dorr* v. *Schenck,* 187 Mass. 542, 543. *Commonwealth* v. *Dow,* 217 Mass. 473, 483. Doubtless the defendants might have amended their exceptions by inserting the letters if they had been inadvertently omitted. *Freedman, petitioner,* 222 Mass. 179, 181. Neither that question nor the remedy of the excepting party if the judge had refused to allow the letters to be printed as part of the exceptions are presented on this record.

This is a case where the exceptions fail to show enough to enable the court to determine whether harmful error was done, and where it cannot be said that the inference of harm is so strong as to warrant a decision that the judge erred in his ruling. Not enough is stated to show whether the ruling, to which exception was saved, was right or wrong. A party does not show harm in a legal sense unless he goes far enough to set out a ruling of law which was positively wrong in a pertinent particular. It is not

enough to show a ruling, the soundness or error of which depends upon other facts not set out in the record. The burden is on the excepting party to show error. *Woodard* v. *Eastman,* 118 Mass. 403. *Freedman* v. *Lipman,* 223 Mass. 471. *Commonwealth* v. *Rivet,* 205 Mass. 464, 466. The excepting party "is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous." *Barnes* v. *Loomis,* 199 Mass. 578, 581. The case at bar is within the principle of numerous decisions. *Parker* v. *Kellogg,* 158 Mass. 90, 93. *Lewiston Trust & Safe Deposit Co.* v. *Shackford,* 213 Mass. 432, 434. *Dagis* v. *Walworth Manuf. Co.* 213 Mass. 524. *Godfrey* v. *Old Colony Street Railway,* 223 Mass. 419, 422. *Sexton* v. *Boston Elevated Railway,* 214 Mass. 432. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 313. *Gadbois* v. *Bay State Street Railway,* 216 Mass. 188, 191. *Altavilla* v. *Old Colony Street Railway,* 222 Mass. 322, 326. *Farnum* v. *Ramsey,* 231 Mass. 286, 290.

Whether the defendants should be permitted to use their bookkeeper as a living model in the presence of the jury for the purpose of trying on a "suit coat" designed by the plaintiff, was within the discretion of the court, which appears to have been wisely exercised. *Field* v. *Gowdy,* 199 Mass. 568, 574. *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593, 599. *Morrissey* v. *Connecticut Valley Street Railway,* 233 Mass. 554, 557.

It is not necessary to examine the requests for instructions in detail. So far as sound in law, they appear to have been covered by the charge. They have not been argued.

*Exceptions overruled.*