*420 Sullivan, J.
(concurring). I agree with the opinion of the majority except for the question of error in the prosecutor’s opening statement. It is a rule of long standing that the “proper function of an opening [statement] is to outline in a general way the nature of the case which counsel expect to be able to prove or support by evidence. He should not be allowed to state facts which are irrelevant or for any reason plainly incompetent.” Reporters’ Notes to Rule 24, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1605 (LexisNexis 2015), quoting from Posell v. Herscovitz, 237 Mass. 513, 514 (1921). See Mass. G. Evid. § 1113(a)(1) note, at 411 (2016), citing Commonwealth v. Fazio, 375 Mass. 451, 454 (1978), and Commonwealth v. Croken, 432 Mass. 266, 268 (2000). The references to school shootings and snipers were references to facts that would not, in any circumstances, be admitted in evidence in this case, and they should not have been made. Contrast Commonwealth v. Johnson, 429 Mass. 745, 748 (1999).
Alternatively, the remarks were argument. Argument has no place in an opening statement. See Mass. G. Evid. § 1113(a)(1) (2016) (“Argument for or against either party is not permitted”). Even if these remarks were made in closing argument, they would constitute an appeal to fear or prejudice, which is likewise prohibited. See Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 311 (2005) (reference to church sex abuse scandal in trial of indecent assault and battery of child under age of fourteen “overstepped the bounds of appropriate advocacy” because it injected “impermissible, inflammatory element into the jury’s consideration of the case”).
The prosecutor’s subsequent disclaimer does not, a fortiori, negate the initial misstep. “Suggestions . . . made, albeit in disclaimer form,” may nonetheless “play on the prejudices of the jurors,” and thus cause them to stray from a “fair, calm consideration of the evidence.” Commonwealth v. Shelley, 374 Mass. 466, 470 (1978). See Commonwealth v. Hogan, 12 Mass. App. Ct. 646, 650 (1981). A reference to snipers and mass murder in an opening statement, followed by a “disclaimer[,] . . . has all the persuasiveness of a pitcher’s protestations after bean-balling the lead opposition batter. It could be true, but one might doubt it.” Ibid., quoting from Allen v. Snow, 635 F.2d 12, 15 (1st Cir. 1980), *421 cert. denied, 451 U.S. 910 (1981).[1] Even if the opening statement was simply the product of inadvertence or inexperience, it still raised, unnecessarily, the fearful specter of crimes that were not at issue, and thus threatened to undermine the jury’s function to consider the evidence free from emotion or prejudice. If this case was not about snipers or school shootings, there was no need to mention them.
However, the balance of the opening statement was proper, and the theme was not repeated, either in the opening statement or the closing argument.[2] The judge instructed that opening statements are not evidence, and that the jury’s decision should not be based on emotion or prejudice. When considered in the context of the opening as a whole, the evidence at trial, and the judge’s instructions, the “prosecutor’s needless comment,” while error, did not pose a substantial risk of a miscarriage of justice. Commonwealth v. Mazariego, 474 Mass. 42, 58 (2016). For that reason, I concur in the judgment.

 There had been three previous mistrials. In the immediately preceding trial (the fourth proceeding), the defendant was acquitted of possession of ammunition without a firearm identification card and of carrying a loaded firearm without a license. The jury were deadlocked on the within charge of possession of a firearm without a license. The remarks at issue here, in the fifth proceeding, were not made in the previous trials.

 With respect to the claim of ineffective assistance of counsel, it is far from cleai' that counsel’s performance was constitutionally deficient. This is particularly so when the case is before us on direct appeal with no record to explain trial counsel’s conduct. See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006). In any event, the standard for determining a substantial risk of a miscarriage of justice is “essentially the same” as the standard for determining prejudice on an ineffective assistance of counsel claim. Commonwealth v. LaChance, 469 Mass. 854, 858 (2014). See Commonwealth v. Carriere, 470 Mass. 1, 19 (2014) (“The absence of an objection at trial may be viewed as ‘some indication that the tone [and] manner ... of the now challenged aspects of the prosecutor’s argument were not unfairly prejudicial’ ” [citation omitted]).