BENJAMIN W. PARKER *vs.* HENRY KELLOGG, JR.

Suffolk. December 1, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ. ·

*Promissory Notes — Admission in Evidence of Letters of Defendant —*
*Demand and Notice.*

In an action by the holder against the payee and indorser of four promissory notes, two letters of the defendant were admitted in evidence on his cross-examination as having some tendency to contradict his testimony. One of the letters was dated on the day when the last three notes were made payable, and the other letter was dated on the day when the first note was made payable. They were both apparently written before any one of the notes was actually payable, and they indicated that the defendant had some knowledge of the business of the maker of the notes, and was giving attention to his means of paying them, and that the defendant meant to see to it that the maker paid them if he had the means. *Held,* that the court could not say, on the statement in the exceptions, that it appeared that the judge erred in admitting the letters, or in the instructions given to the jury with reference to the effect of the letters upon the conduct of the plaintiff, in connection with other facts known to him and appearing in the evidence, which evidence was not set out in the exceptions.

If the holder of a promissory note makes a demand upon the maker personally at the indorser's office during business hours of the last day of grace, and produces the note, and the maker says that he is unable to pay it, and makes no objection to the place of the demand, it is sufficient to hold the indorser.

CONTRACT, upon four promissory notes, one for $1,000, dated August 7, 1885, and due October 2, 1885; one for $550, dated September 8, 1885; and two for $200 each, dated respectively September 19 and September 26, 1885; the last three notes being due October 1, 1885. At the trial in the Superior Court, before *Dewey, J.,* it appeared in evidence that the notes were all made by one Patrick Hart, and indorsed before delivery by the defendant. October 1, 1885, was Thursday.

The defendant contended that no demand for payment of the notes was made upon the maker thereof when the same came due, or at any other time up to the bringing of suits thereon, and that no notice was given to the indorser within a reasonable time of the non-payment of the notes. The plaintiff and his clerk, one Hogg, both testified that they demanded payment of the three smaller notes of Hart at the office of the defendant, on

the 3d of October, between eleven in the morning and one o'clock P. M., and of the $1,000 note on the 5th of October, at the defendant's office, between ten and one o'clock; and that the notes were produced on both occasions, and shown to Hart and the defendant, who were both present, and payment demanded of Hart by the plaintiff, and that, after Hart had said he was unable to pay them, the plaintiff and Hogg both turned to the defendant and said that Hart would not pay the notes, and they must look to the defendant. The plaintiff's clerk, Hogg, testified that Hart had no place of business of his own ; that he always looked for Hart at Kellogg's office between ten o'clock A. M. and one P. M. , that for some time prior to October 1, 1885, and at that time, he repeatedly found Hart there at those hours ; and that Hart was in the habit of going there at such hours, and used a desk there, but the witness could not say who owned the desk. Hart testified that he had no place of business anywhere, and there was no evidence that he had any save that relating to Kellogg's office. Hart at the time lived on Dorchester Avenue, Boston, at the address stated on the bottom of some of the notes. The defendant and Hart both testified that no demand was made upon Hart by either said Parker or said Hogg at the time and place aforesaid, or at any other time ; and the defendant, on direct examination, testified that no notice was given him of the non-payment of the notes by said Parker or Hogg at any time, and that his first knowledge of the non-payment of the notes was about the middle of October, when he heard from Hart that the notes had not been paid.

In the cross-examination of the defendant the plaintiff's counsel offered, as tending to show that said Kellogg did know that the notes were not paid, a letter which purported to have been written by the defendant, bearing the date of October 2, 1885, addressed to the plaintiff, of which the following is a copy :

" Boston, Oct. 2, 1885.   Assignment of Benjamin W. Parker from Sept. 1 to Oct. 1, 1885, is under any other assignment of any nature.   The trustees will be settled to-day it is expected without question, and the money drawn to-day or early to-morrow A. M.   H. Kellogg, Jr."

The plaintiff offered another letter from the defendant to the plaintiff, of which the following is a copy :

" Boston, Oct. 1, 1885.   Ben: Mr. Hart says to be ready at 12 to-morrow, as he has got a sale of some property to-day at home and will not be in until then.   I will call then.   Hastily, H. Kellogg, Jr."

The defendant objected to both of these letters, but they were admitted in evidence.   The defendant admitted writing and signing both letters before they were offered in evidence. In instructing the jury in regard to the issue of demand and notice, the judge said, in substance, that the plaintiff contended that the receipt of the letters, in connection with other facts known to him and appearing in the evidence, awakened a feeling of insecurity in his mind, and led him to be careful in regard to making demand and giving notice on the notes, and that if the jury thought the letters under the circumstances in which they were received were calculated to have such effect, they could consider them ; the bearing, reference, and effect of the letters being wholly for their judgment.

The judge further instructed the jury that a personal demand on Hart would be sufficient, if made on the three smaller notes due October 1, 1885, at any reasonable time and place in the city on October 3, 1885, and on the $1,000 note due October 2, 1885, if made at any reasonable time and place in the city on October 5, 1885, and that if the jury found that demand on Hart was made at Kellogg's office at the hours aforesaid, as testified to by the plaintiff and Hogg, such demand would be sufficient, and that no demand at Hart's residence was necessary.   The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. Ranney*, for the plaintiff.

*J. F. Simmons & H. H. Pratt*, for the defendant.

FIELD, C. J.   The letters of the defendant to the plaintiff admitted in evidence are almost unintelligible when taken in connection with the meagre statement of facts contained in the bill of exceptions.   One of the letters is dated on the day when the last three notes declared on were made payable, and the other letter is dated on the day when the first note was made payable.   As days of grace are to be allowed on all the notes, the letters were apparently written before any one of the notes was actually payable ; but the letters indicate that the defendant

had some knowledge of the business of Hart, the maker of the notes, and was giving attention to his means of paying them, and that the defendant meant to see to it that Hart paid them, if he had the means. They were admitted on the cross-examination of the defendant, and had perhaps some tendency to contradict his testimony. We certainly cannot say, on the statement of the case contained in the exceptions, that it appears that the court erred in admitting the letters, or in the instructions given to the jury with reference to the effect of the letters upon the conduct of the plaintiff, " in connection with other facts known to him and appearing in the evidence," which evidence is not set out in the exceptions.

The first note was made payable on October 2, 1885, and, allowing days of grace, was actually payable on October 5th. The last three notes, called the " smaller notes," were made payable on October 1, 1885, and allowing days of grace, were actually payable on October 3, October 4th being Sunday. Pub. Sts. c. 77, §§ 8, 9. The exceptions recite that " the plaintiff and his clerk, one Hogg, both testified that they demanded payment of the three smaller notes of said Hart at the office of said defendant on the third day of October, between eleven and one o'clock in the morning, and of the $1,000 note on the fifth day of October, at said defendant's office, between ten and one o'clock ; and that the notes were produced on both occasions, and shown to Hart and the defendant, who were both present, and payment demanded of Hart by the plaintiff ; and that, after Hart had said he was unable to pay them, the plaintiff and Hogg both turned to the defendant, and said that Hart would not pay the notes, and they must look to the defendant. . . . Said defendant and Hart both testified that no demand was made upon Hart by either said Parker or said Hogg at the time and place aforesaid, or at any other time." There was evidence that Hart had no place of business of his own, but that he was in the habit of going to the defendant's office, and of using a desk there. The defendant testified " that no notice was given him of the non-payment of the notes by said Parker or Hogg at any time, and that his first knowledge of the non-payment of said notes was about the middle of October, when he heard from Hart that said notes had not been paid." The only evi-

dence, therefore, of due demand and notice was the testimony of the plaintiff and Hogg as to what took place at the defendant's office.. In this state of the evidence, the court instructed the jury that, if they "found that demand on Hart was made at Kellogg's office at the hours aforesaid, as testified to by the plaintiff and Hogg, such demand would be sufficient, and that no demand at Hart's residence was necessary." Whether the defendant's office was Hart's place of business or not, if the plaintiff made a demand upon Hart personally at this office during business hours of the last day of grace, and produced the notes, and Hart said that he was unable to pay them, and made no objection to the place of the demand, this would be a sufficient demand, and to this effect were the instructions given by the court. *King* v. *Crowell,* 61 Maine, 244. 1 Dan. Neg. Inst. (4th ed.) § 638.          *Exceptions overruled.*