LEWISTON TRUST AND SAFE DEPOSIT COMPANY *vs.* CHARLES H. SHACKFORD & another.

Suffolk.    November 14, 1912. — January 29, 1913.

Present: RUGG, C. J., LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes. Evidence,* Presumptions and burden of proof, Competency. *Practice, Civil,* Exceptions.

In an action on a promissory note, where the answer denies that the plaintiff is a holder in due course and alleges that the note was procured from the defendant by fraud of the payee and without consideration, under R. L. c. 73, §§ 69, 72, 76, the burden is on the defendant to prove the fraud on which he relies, and, if he does so, the burden is upon the plaintiff to prove that he acquired the note in due course, including proof not only that he took the note in good faith and for value but also that he had no notice of any defect in the title of the person negotiating it.

In an action on a promissory note, where the defense relied upon is that the plaintiff is not a holder in due course and that the note was procured from the defendant through fraud on the part of an agent of the payee, the defendant may show the dealings between him and the agent of the payee, in which he contends that the fraud was committed, and for this purpose may introduce in evidence a letter received by him from such agent which constitutes a part of the transaction alleged to be fraudulent, without showing that the plaintiff when he took the note had any notice of the contents of such letter.

Upon an exception to the admission in evidence of a certain letter which was offered for the purpose of showing that a promissory note was procured by fraud, if it appears that the letter had no tendency to prove such fraud but contained nothing harmful to the excepting party, its admission will be treated as merely an immaterial error which will not justify this court in sustaining the exception and granting a new trial.

On an exception to the admission in evidence of a certain letter offered for the purpose of showing that a promissory note was procured by fraud, if on the face of the letter its materiality is not apparent, but the other evidence is not reported and it cannot be said that in connection with such other evidence the letter would not have afforded material evidence of fraud, the exception must be overruled, because it is for the excepting party to show that he was aggrieved by the admission of the letter.

CONTRACT on a promissory note for $500 signed by Charles H. Shackford and Ariana M. Shackford, dated March 4, 1904, payable to the Victoria Acetylene Company six months from date, and indorsed in blank by the Victoria Acetylene Company and also by the Victoria Manufacturing Company, a payment of $100 on August 17, 1905, being indorsed thereon. Writ dated June 16, 1910.

The answer, besides a general denial, denied that the plaintiff was a holder in due course, and alleged that the note was obtained from the defendants by false and fraudulent representations of the agent of the payee and that the defendants received no compensation for the note.

In the Superior Court the case was tried before *Hitchcock*, J. The defendant Charles H. Shackford died before the trial, and the case was prosecuted against the defendant Ariana M. Shackford alone. The plaintiff introduced evidence tending to show that it was the holder of the note in due course and that neither the plaintiff nor its agents had notice of any equities. The defendant Ariana M. Shackford testified that the note was given in payment of a previous note for the same amount and that there had been three such payments by successive notes, the original note having been dated September 4, 1902. The defendant then introduced evidence tending to show that the original note was procured by fraudulent representations made to her by one Waldron, an agent of the Victoria Acetylene Company, the payee, and offered in evidence a letter written by Waldron to her. The plaintiff objected to the admission of the letter unless it should be proved that the plaintiff or its agent knew of the contents of the letter. The judge admitted the letter, and the plaintiff excepted. The judge ruled that the burden of proving fraud in the inception of the note was upon the defendant.

The judge submitted the case to the jury "with instructions not otherwise objected to." The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. E. Ludden*, for the plaintiff.

*A. H. Garcelon*, for the defendants.

SHELDON, J. There was evidence in this case that the plaintiff was a holder in due course. The defendant, however, had the right to show that the note originally given had been obtained from her by fraud of the payee and that her giving of the note sued on in renewal of the original and the succeeding notes had been done under the influence of the same fraud. If this was shown the burden would be upon the plaintiff to prove that it had acquired title to the note in due course, that is, to prove among other things, not only that it had taken the note in good faith and for value, but also that it had no notice of any defect in the title of the person

negotiating it. R. L. c. 73, §§ 69, 72, 76. *Savage* v. *Goldsmith,* 181 Mass. 420. *Demelman* v. *Brazier,* 198 Mass. 458, 464.

The burden was of course upon the defendant to show the fraud upon which she relied; but in order to do this she could show exactly what the dealings had been between her and the payee, or Waldron, the payee's agent, which led to her giving the note and the renewals thereof. So far as these dealings consisted of letters between Waldron and herself, she could put these letters in evidence, not as tending to prove the truth of any narrative of past events therein contained, but as themselves constituting a part of the transaction to be examined and showing the influences under which she had acted. It was not necessary to prove that such letters had been brought home to the plaintiff or its agents; for they were not to operate as admissions of the plaintiff, but simply to make plain as far as they could the circumstances and the inducements under which she gave the notes in question. It was in principle like the evidence admitted in *Biddeford National Bank* v. *Hill,* 102 Maine, 346. We do not need to follow the rule laid down in *Sylvester* v. *Crapo,* 15 Pick. 92; *Fisher* v. *Leland,* 4 Cush. 456; and *Sears* v. *Moore,* 171 Mass. 514.

The real difficulty is to see how the letter admitted in evidence tended to prove the fraud on which the defendant relied. But, if it had no such tendency, there was nothing in it to harm the plaintiff, and its admission was merely an immaterial error, which would not justify us in granting a new trial. *Burns* v. *Jones,* 211 Mass. 475. Moreover, the other evidence has not been reported, and we cannot say that this letter, when considered in connection with other testimony, may not have afforded material and perhaps convincing evidence that fraud had been practiced upon the defendant. It is for the plaintiff to show that this evidence ought not to have been admitted and that it was aggrieved by its admission. *Parker* v. *Kellogg,* 158 Mass. 90. That does not appear upon this record.

It may be of some importance that the case was submitted to the jury under instructions which were not excepted to, and must of course be presumed to have been correct and adequate. It must have been found therefore that the plaintiff was not a holder in due course.

*Exceptions overruled.*