ALFRED A. WHITMAN *vs.* THOMAS J. FOURNIER & trustees.

Suffolk.    January 10, 1917. — September 12, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Bills and Notes. Evidence,* Presumptions and burden of proof, Admissions, Of identity. *Estoppel. Practice, Civil,* Interrogatories. *Pleading, Civil,* Answer, Defence of fraud.

In an action on a promissory note against the maker, where the defendant had admitted that he signed the note, but there was no evidence in regard to the indorsement of the note by the third person to whom it was made payable, and the note was introduced in evidence with a signature upon its back purporting to be that of the payee, it was *said* that if nothing more had appeared the presiding judge should have ordered a verdict for the defendant, as an indorsement does not prove itself.

In the case stated above the defendant read to the jury the plaintiff's answers to interrogatories propounded to him by the defendant, in which the plaintiff answered, "There is no indorsement by [the payee] to me. The note in question was indorsed [by the payee] in blank before maturity and for value paid [by a certain firm who] assigned the same to me." The judge ordered a verdict for the plaintiff. *Held,* that the judge was wrong in ordering this verdict, because when the defendant read and put in evidence the answer of the plaintiff, he did not preclude himself from arguing to the jury that the answer was not true, and that therefore the case should have been left to the jury.

In the same case it was stated in the bill of exceptions that the note produced "was printed upon yellow paper," whereas in answer to an interrogatory the plaintiff had stated that the note was not printed on yellow paper, and the defendant contended that he was entitled to go to the jury on the question of the identity of the note, but it was *held,* that no question of identity was open to the defendant, as he had admitted on the witness stand that the note produced was signed by him and that it was the note described in the declaration.

In an action on a promissory note the defence of fraud in the making of the note is not open to the defendant unless it is set up in the answer. Following *Hunting v. Downer,* 151 Mass. 275.

CONTRACT for the balance due on a promissory note, originally for $400, payable to the "Thos. Howard Co. (not inc.)" at the office of Knauth, Nachod and Kuhne, bankers, 13 William Street, New York, signed as maker by the defendant and indorsed on the back "Thos. Howard Co., by R. Howard, Atty." Writ in the Municipal Court of the City of Boston dated January 24, 1914.

On removal to the Superior Court the case was tried before *Sanderson,* J. The course of the trial is described in the opinion.

At the close of the evidence, the judge ordered the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*J. M. Browne,* (*J. T. Maguire* with him,) for the defendant.

*H. C. Dunbar,* for the plaintiff, submitted a brief.

LORING, J. This is an action on a promissory note signed by the defendant as maker and payable to "Thos. Howard Co. (not inc.)." It purported to be indorsed by "Thos. Howard Co., by R. Howard, Atty." At the trial the plaintiff put the defendant upon the witness stand and asked him if the signature upon the face of the note was his signature, and he testified that it was. The promissory note then was offered as an exhibit in the case and the plaintiff rested without introducing any evidence of the genuineness of the indorsement.

If the case had stopped there it is plain that the defendant would have been entitled to a verdict as matter of law for lack of evidence of an indorsement of the note by the payee to the plaintiff.

The plaintiff has contended that the genuineness of the indorsement is presumed until the contrary is proved, and in support of that contention he has relied upon *Wilbour* v. *Turner,* 5 Pick. 526, *Truesdell* v. *Thompson,* 12 Met. 565, *Noxon* v. *DeWolf,* 10 Gray, 343, *Rider* v. *Taintor,* 4 Allen, 356. There is nothing in these cases that gives countenance to that contention. The first, second and fourth of these cases were cases where the note was payable to bearer. There was nothing in the other case (*Noxon* v. *DeWolf,* 10 Gray, 343) which bears upon the question.

After the plaintiff rested, the defendant read to the jury the plaintiff's answers to interrogatories propounded to him by the defendant. The thirty-first answer was in these words: "There is no indorsement by R. Howard to me. The note in question was indorsed by Thomas Howard Company in blank before maturity and for value paid by Knauth, Nachod and Kuhne to Thomas Howard Company. Knauth, Nachod and Kuhne assigned the same to me." If the defendant had testified to the facts stated in this answer to the thirty-first interrogatory the indorsement of the note by the payee to the plaintiff would have been established and so far as that fact was concerned a verdict could have been directed to be entered in favor of the plaintiff. But the defendant never testified to those facts. It was the plaintiff who

stated those facts in answer to an interrogatory propounded to him by the defendant. When the defendant read and thus put in evidence that answer of the plaintiff he did not preclude himself from arguing to the jury that the answer was not true. Therefore there was a question of fact to be passed upon by the jury and the judge was wrong in directing them as matter of law to find a verdict in favor of the plaintiff.

There are two questions which ought to be considered in connection with the new trial.

The defendant contended that he had a right to go to the jury because it is stated in the bill of exceptions that the note produced "was printed upon yellow paper" and in answer to an interrogatory propounded by the defendant to the plaintiff the plaintiff stated that it was not printed upon yellow paper. The defendant's contention is that he had a right to go to the jury on the identity of the note. This contention is not sound. The note produced was admitted by the defendant to have been signed by him and it is the note described in the declaration.

The other contention made by the defendant which ought to be dealt with is that he had a right to put into the case evidence of fraud in the making of the note sued on without having pleaded that fraud as a substantive defence in his answer. Upon this question the case of *Hunting* v. *Downer*, 151 Mass. 275, is decisive against the defendant's contention. The result is that the entry must be

*Exceptions sustained.*