BENNO LEVISON & another *vs.* ALBERT H. LAVALLE.

Hampden.     September 21, 1922. — October 21, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Accommodation paper, Holder in due course. *Pleading, Civil,* Answer. *Evidence,* Presumptions and burden of proof.

In order for the defendant, in an action against the maker by an alleged holder in due course of a promissory note, signed by the maker for accommodation of the payee, to rely upon a defence that the note had been delivered under an agreement restricting its negotiation and that there had been a violation of that agreement, or, more generally, that the note had been wrongfully put in circulation, such defence must be set up specifically in the answer.

Where the answer in an action by an alleged holder in due course of a promissory note against the maker does not contain a denial of the signature of the payee,

and the note is admitted in evidence without objection, the signature of the payee requires no proof.

If, at the trial of an action against the maker by an alleged holder in due course of a promissory note given by the maker for accommodation of the payee, the defence that the note wrongfully was put in circulation by the payee is open upon the pleadings, and the defendant, who has been called to testify by the plaintiff, is permitted, subject to an exception by the plaintiff, to testify in cross-examination by his own counsel that the note was given without consideration for the accommodation of the payee, that he told the payee to get it discounted by a certain trust company and, if that could not be done, to return the note to him as he did not want it hawked around, and that this was agreed to by the payee, the plaintiff's exception must be overruled, as it could not be assumed, when the evidence was admitted, that evidence might not be offered later to show that the plaintiff was not a holder in due course.

At the trial of an action against the maker by an alleged holder in due course of a promissory note given by the maker for accommodation of the payee, the note was admitted in evidence without objection and the signature was not disputed. The defendant, called by the plaintiff, testified in cross-examination by his own counsel that the note was given without consideration for the accommodation of the payee; that he told the payee to get it discounted by a certain trust company and, if that could not be done, to return the note to him as he did not want it hawked around, and that this was agreed to by the payee. The parties then rested, and the judge ordered a verdict for the defendant. The plaintiff alleged an exception. *Held,* that

(1) There was no evidence that the note was obtained with intent to use it in violation of the promise to return it unless it was discounted by the trust company (even assuming that such a representation was not merely promissory), nor was there evidence that the note was not in fact sold to the trust company, and that the plaintiff did not claim under the trust company;

(2) Therefore under G. L. c. 107, § 82, the plaintiff was deemed *prima facie* to be a holder in due course;

(3) The plaintiff's exception must be sustained.

CONTRACT by an alleged holder in due course against the maker of a negotiable promissory note of $1,500. Writ dated August 11, 1919.

The action was tried in the Superior Court before *Irwin, J.* The defendant was called as a witness by the plaintiffs and was cross-examined by his own counsel. The pleadings and material evidence are described in the opinion. Both parties rested at the close of the plaintiffs' evidence, and the judge ordered a verdict for the defendant; and the plaintiffs alleged exceptions.

*C. E. Bell,* for the plaintiffs.

*S. Adams,* (*W. W. Yerrall* with him,) for the defendant.

JENNEY, J. This is an action upon a promissory note made by the defendant and payable to the order of W. H. Miner, whose

indorsement it bears. The answer so far as material contains a general denial, a special denial of the defendant's signature, and an allegation of payment. It also sets forth that the defendant was induced to make the note "because of the false and fraudulent representations of the payee, all of which were well known to the plaintiffs," as to whom it is averred they are not holders "for value in due course or before . . . maturity," and that the note, which was without consideration and for the accommodation of the payee, had been pledged by him to the plaintiffs as collateral security for his note which has been paid. The answer does not include the defence that the note has been delivered under an agreement restricting its negotiation and that there has been a violation of that agreement, or more generally, that the note has been wrongfully put in circulation. Such a defence must be specially pleaded. *Hunting* v. *Downer,* 151 Mass. 275. *Lewiston Trust & Safe Deposit Co.* v. *Shackford,* 213 Mass. 432. *Whitman* v. *Fournier,* 228 Mass. 93. G. L. c. 107, §§ 38, 79, 82. See Brannan, Neg. Instr. Law Annotated, 60. However, as a new trial must be had and as the answer may be amended, the case is considered on the footing that that defence was open.

The note was admitted in evidence without objection. The defendant, who was called by the plaintiffs as a witness, testified that he had signed and delivered it to the payee. As the signature of the payee was not denied, it required no proof. *Lowell* v. *Bickford,* 201 Mass. 543. *Whiddon* v. *Sprague,* 203 Mass. 526. *Dean* v. *Vice,* 234 Mass. 13. The defendant testified on examination in his own behalf that the note was given without consideration for the accommodation of the payee; that he told the payee to get it discounted by the Metropolitan Trust Company and if that could not be done to return the note to him as he did not want it hawked around, and that this was agreed to by the payee.

The plaintiffs' exception to the admission of this evidence must be overruled. The evidence was competent because it related to what transpired when the note was given. Moreover, it was admissible for the purpose of showing that the note was without consideration. When it was admitted, it could not have been assumed that evidence might not be offered to show that the plaintiff was not a holder in due course. *Produce Exchange Trust Co.*

v. *Bieberbach,* 176 Mass. 577.  *Lewiston Trust & Safe Deposit Co.* v. *Shackford, supra.*

At the conclusion of this evidence, the plaintiffs rested, and, subject to their exception, a verdict was ordered for the defendant.

It is urged that this was right because, where evidence is offered that a note was obtained or put in circulation by fraud, or in violation of an agreement that it should not be delivered except upon a definite contingency, the plaintiff must show that he took it for value in good faith and before its maturity.  *Smith* v. *Livingston,* 111 Mass. 342.  *Merchants' National Bank of Lowell* v. *Haverhill Iron Works,* 159 Mass. 158.  *National Revere Bank* v. *Morse,* 163 Mass. 383.  *Holden* v. *Phœnix Rattan Co.* 168 Mass. 570, 572.  *Demelman* v. *Brazier,* 198 Mass. 458.  *Merchants National Bank* v. *Marden, Orth & Hastings Co.* 234 Mass. 161, 169.  G. L. c. 107, §§ 38, 82.  But the evidence did not tend to prove that the note was obtained with intent to use it in violation of the promise to return it unless it was discounted by the trust company, assuming that such a representation was not merely promissory.  Moreover there was no evidence that the note was not in fact sold to the trust company, and that the plaintiffs did not claim under it.  Hence the case is not governed by the principle stated.  Notwithstanding the evidence of the defendant, G. L. c. 107, § 75, and the first sentence of § 82 were applicable.

The exceptions must be sustained.

*So ordered.*