JAMES A. CANTON *vs.* PHILIP SHAFFER & another.

Suffolk. January 15, 1925. — February 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes.*

At the trial of an action upon a negotiable promissory note brought by one claiming as "an assignee standing in the position of the original payee," and not as a holder in due course, against the maker and one who had indorsed before delivery, the note was introduced in evidence and purported to bear an indorsement in blank by the payee. The defendants in their answer denied the signature of the payee and no evidence to prove it was offered. The judge refused to order a verdict for the defendants, and the jury found for the plaintiff. *Held,* that a verdict for the defendants should have been ordered.

CONTRACT against Philip Shaffer and Los Angeles Company upon a promissory note for $500 made by the defendant corporation, indorsed before delivery by the defendant Shaffer, and payable to H. Goodowsky. Writ in the Municipal Court of the City of Boston dated February 15, 1924.

On removal to the Superior Court, the action was tried before *Macleod,* J. Material evidence is described in the opinion. A motion that a verdict for the defendants be ordered was denied. The judge, subject to exceptions by the defendants, charged the jury as follows:

"The plaintiff Canton stands in the shoes of the payee and Canton can collect this note if Goodowsky could . . . The fact that the note is not endorsed over to Canton is immaterial . . . The only defence for you to consider is payment . . . Unless paid, the plaintiff is entitled to recover . . . ."

There was a verdict for the plaintiff in the sum of $682.54. The defendants alleged exceptions.

*H. Bergson,* for the defendants, submitted a brief.

*S. Brenner,* for the plaintiff.

BRALEY, J.   The defendant Los Angeles Company made a promissory note payable to the order of H. Goodowsky, which before delivery was indorsed by the defendant Shaffer. The plaintiff, while a holder of the note, was not a holder in due course, but contended that as an assignee he had all the rights of the payee. The answer, however, denied the signature of all parties, and, the plaintiff having offered no evidence that the signature of Goodowsky, the payee, who appeared on the back of the note to be the last indorser, was genuine, he had failed to show title in himself.   *Whitman v. Fournier,* 228 Mass. 93.   *Levison v. Lavalle,* 243 Mass. 47, 49.   G. L. c. 231, § 29.   *Lowell v. Bickford,* 201 Mass. 543. The defendants' motion for a directed verdict should have been granted.

                                        *Exceptions sustained.*