NATIONAL SURETY COMPANY *vs.* BARNETT PORTNOY.

Suffolk.    March 5, 1926. — June 4, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Contract*, Performance and breach, Of indemnity.    *Evidence*, Competency.

If an agreement for indemnity of a surety company against loss through its being surety upon a bond provided that the company was authorized "to . . . compromise any claim, demand, suit or judgment upon any such bond or bonds, unless the indemnitors shall request such surety . . . to litigate such claim . . . and shall, simultaneously with such request, deposit with such surety . . . collateral satisfactory to it . . . ," the company has a right so to compromise an action upon the bond without first procuring assent by the indemnitors, although, at a trial of that action before an auditor, an attorney acting for the indemnitor appeared and took a watching part in some of the proceedings, and the surety knew that the indemnitor wished that action defended, if it appears that no collateral was offered to the surety or requested by it; there being nothing to warrant a finding that the terms of the indemnity agreement requiring collateral as a condition of any limitation on the surety's power to compromise had been waived.

CONTRACT upon an agreement to indemnify the plaintiff against loss through its being surety upon a bond given by the Chelsea Theatre Company. Writ in the Municipal Court of the City of Boston dated November 5, 1923.

On removal to the Superior Court, the action was tried before *Whiting*, J. Material evidence and the only question of law raised at the trial are stated in the opinion. There was no verdict. The judge reported the action to this court on the stipulation between the parties, agreed to in open court, that, if the trial judge was right in excluding certain testimony offered, judgment was to be entered for the plaintiff for the amount stated in the declaration, with interest from the date of the writ; otherwise, if the trial judge was wrong in excluding the evidence, the action was to stand for trial.

*J. E. Crowley*, for the defendant.

*J. E. McConnell*, for the plaintiff, submitted a brief.

WAIT, J. This is an action against an indemnitor to recover the amount paid by a surety in compromise of a suit upon a bond. The only question presented by the report is whether certain evidence was excluded wrongly.

The agreement for indemnity signed by the defendant provided that the plaintiff, as surety upon the bond, obtained in part through the indemnity agreement, was authorized "To . . . compromise any claim, demand, suit or judgment upon any such bond or bonds, unless the indemnitors shall request such surety . . . to litigate such claim . . . and shall, simultaneously with such request, deposit with such surety . . . collateral satisfactory to it . . . ." The defendant sought to introduce evidence in regard to the circumstances attending the compromise. On objection, the judge ruled that it was inadmissible, unless the defendant was prepared to show that a demand for defence had been made and, simultaneously, collateral had been deposited with the surety. This the defendant was not prepared to do; but he made an offer of proof, in the form of testimony taken by the judge in the absence of the jury. Nothing more appears in this evidence than that an attorney acting for this defendant and others appeared in the suit on the bond and

took a watching part in some of the proceedings; that the surety knew that the defendant wished that action defended; that no collateral was offered to the surety or requested by it, that in the voluntary absence of the defendant and his attorney from sittings of the auditor, the surety arranged a compromise.

There is nothing in the defendant's contention that such evidence either justifies a finding that the terms of the indemnity agreement requiring collateral as a condition of any limitation on the surety's power to compromise, had been waived, or requires submission of the evidence to a jury.   In deciding upon the question of admission, the judge had power to pass both on law and fact.   *Coghlan* v. *White*, 236 Mass. 165, 167.

We see no error or abuse.   His ruling excluding the evidence was right.   The order must be in accordance with the stipulation,

*Judgment for plaintiff in amount agreed.*