GEORGE L. STARKS vs. JOHN F. O'HARA.

Suffolk.    February 4, 1929. — February 26, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Conduct of trial: offer of proof, evidence in absence of jury; Ordering verdict. *Constitutional Law,* Trial by jury. *Evidence,* Competency, Extrinsic affecting writing. *Bills and Notes. Surety.*

At the trial of an action in the Superior Court, the trial judge excluded certain evidence offered by the defendant, who made offers of proof, and then excused the jury, stating to counsel for the defendant that he would not receive an offer of proof but that counsel must "put . . . [his] evidence right here on the record from the mouth of the witness in the absence of the jury." The defendant then gave certain testimony which the judge excluded, receiving from counsel an "inclusive" offer of proof. The jury thereupon having been recalled, the judge stated that "the evidence offered by the defendant . . . is not a defence as a matter of law" and ordered a verdict for the plaintiff. *Held,* that

(1) There was no error in the refusal by the judge to receive the offer of proof or in his hearing the testimony of the defendant in the absence of the jury;

(2) The defendant was not deprived of his right to a trial by jury thereby;

(3) By reason of the reception by the judge in the absence of the jury of the defendant's evidence and "inclusive" offer of proof, no error prejudicial to the defendant appeared in the refusal by the judge to receive the previous offer of proof.

At the trial of an action by the payee of a negotiable promissory note against the maker, the plaintiff introduced in evidence the note, which was secured by a mortgage of land, and the defendant's signature to the note was admitted. The defendant introduced a deed of the land from the plaintiff to him and offered evidence to show that, before he signed the note, the plaintiff said he would give the deed for a certain sum, which "would be all . . . [he] wanted," and that the note was merely a matter of form because he would look to the land under his mortgage; that the plaintiff's agent stated that the plaintiff would never look to the defendant for payment of the note, but that the defendant could sell the land and have the purchaser assume the mortgage and the plaintiff would look to the purchaser or to the land for payment of the note; that the defendant thereafter sold the land to one who assumed the mortgage; and that the plaintiff in a subsequent letter to the defendant requested payment, stating that he had given the purchaser "every opportunity [to see that the note was paid] but he seems unable to do anything." The trial judge excluded such evidence and ordered a verdict for the plaintiff. *Held,* that

(1) The evidence as to the statements made by the plaintiff and his agent before the note was signed properly was excluded; it was inadmissible to contradict the unconditional promise to pay contained in the note;

(2) The other evidence offered by the defendant did not warrant a finding that the plaintiff made such an agreement with the purchaser of the land as would discharge the defendant from liability on the note;

(3) The verdict properly was ordered for the plaintiff.

CONTRACT by the payee of three promissory notes against the maker. Writ in the Municipal Court of the City of Boston dated June 23, 1927.

On removal to the Superior Court, the action was tried before *Flynn*, J. The course of the trial is described in the opinion. During the defendant's testimony in the absence of the jury, referred to in the opinion, he offered a letter to him from the plaintiff dated July 6, 1926, stating that the defendant's grantee had offered to pay a draft, but had failed to do so, and requesting the defendant to give the matter his attention; and a letter from the plaintiff dated June 14, 1927, stating that he had given the grantee "every opportunity but he seems unable to do anything," and requesting payment by the defendant. The judge ordered the jury to find for the plaintiff in the sum of $2,845.49, the amount which the parties agreed was due on the notes, plus such sum as they should find to be a reasonable attorney's fee. The jury found for the plaintiff in the sum of $3,138.23, and the defendant alleged exceptions which, after the death of *Flynn*, J., were allowed by *Walsh*, J.

*C. J. Halligan, Jr.*, for the defendant.

*C. A. McCarron*, (*L. H. Leary* with him,) for the plaintiff.

FIELD, J. This is an action by the payee of three promissory notes against the maker. The plaintiff produced the notes, which were dated April 23, 1925, and were payable on demand with interest and "reasonable attorney's fees," and the defendant's signature on each note was admitted. The plaintiff also introduced in evidence a mortgage deed of the same date of land in Florida which was given by the defendant to him as security for the notes.

The defendant introduced in evidence a deed from the plaintiff to the defendant dated April 1, 1925, of the land

covered by the mortgage deed. Testifying in his own behalf he sought to introduce in evidence a conversation alleged to have taken place and been overheard by him on or about April 1, 1925, in the office of one Murray, a real estate agent in West Palm Beach, Florida. This testimony was excluded, and the defendant offered to prove "that the plaintiff, Starks, stated to Mr. Murray that he needed money, and that for $1,000, he would deed his property and take notes for the balance, which notes would run with the land, and that the purchaser would have the right to sell the land subject to his mortgage." The witness was then asked: "And in April of 1925, as a result of the conversation with him, and as a result of the conversation with Mr. Murray, did you purchase, or did you receive a deed for that property in Florida?" The question was excluded and the defendant offered to prove an affirmative answer. The judge then directed the jury to retire stating, "You see, Mr. Foreman and Gentlemen, I am of opinion as a matter of law, that when you make a note that is conclusive evidence of what you are doing; that you can't show when you gave the note it wasn't to be paid." In the absence of the jury the judge stated to counsel for the defendant that he would not receive an offer of proof, and directed him to "put your evidence right here on the record from the mouth of the witness in the absence of the jury." Thereupon, in the absence of the jury, the defendant testified to certain conversations and acts subsequent thereto. The judge excluded the evidence so offered, and the defendant made the following "inclusive" offer of proof: "The plaintiff stated in the hearing of the defendant to his agent, through whom the defendant took his deed, that he wanted some ready money, and that if the defendant would take a flier, he would give him a good and clear deed for $1,066.50, that that would be all the plaintiff wanted, that the notes were merely matters of form, because he would look to his land on which he would have a mortgage covering the balance $2,554. The plaintiff's agent stated in the presence of the plaintiff that he would never look to the defendant for the payment of the notes, but that the defendant could sell the land and have his grantee assume the mortgage, and that he, the plaintiff,

would look for payment to the defendant's grantee, or his land." Then the jury was recalled, and the judge stated to them that he was of opinion "that the evidence offered by the defendant relative to these notes is not a defence as a matter of law." He instructed them "to return a verdict for the plaintiff on these notes in the sum of $2,845.49, that being the amount which the parties have agreed is due on these notes, if anything," and left to the jury the question as to what was a reasonable attorney's fee. There was a verdict for the plaintiff in the sum of $3,138.23. The defendant alleged exceptions to the refusal of the judge to receive an offer of proof and to his direction to the defendant to put in his evidence in the absence of the jury; to the exclusion of evidence; to the statements of the judge to the jury; and to the direction of a verdict.

There was no error in the refusal of the judge to receive the defendant's offer of proof and his direction that the evidence be produced in the absence of the jury. If he had any doubts about the good faith of the offer, he could insist on the production of the witness and on some attempt to make proof. *Scotland County* v. *Hill*, 112 U. S. 183, 186. The admissibility of the evidence offered was for him to determine. *Coghlan* v. *White*, 236 Mass. 165, 169. *National Surety Co.* v. *Portnoy*, 256 Mass. 329. It was not improper to direct the jury to retire while he heard it. *Slotofski* v. *Boston Elevated Railway*, 215 Mass. 318, 320. *National Surety Co.* v. *Portnoy, supra.* The contention, that by this action of the judge the defendant was deprived of his constitutional right to a trial by jury, is without merit. As in the absence of the jury the judge not only heard the evidence of the defendant but also received from him an "inclusive" offer of proof, the defendant clearly was not harmed by the earlier refusal to receive an offer of proof.

The evidence which the defendant by his "inclusive" offer of proof offered to prove was excluded properly. It tended to show the existence of an oral understanding between the plaintiff and the defendant, made prior to or contemporaneous with the making of the notes, that the defendant would not be required by the plaintiff to pay them but that the

plaintiff would look to the land for satisfaction of his indebtedness. As matter of substantive law such an understanding is not a defence to an action on the notes. The parol evidence rule forbids such a contradiction of the unconditional promises embodied in the notes even as between the original parties thereto. *Allen* v. *Furbish,* 4 Gray, 504. *Zielmann* v. *Copelof,* 232 Mass. 393. *Pelonsky* v. *Wattendorf,* 255 Mass. 558. *Buckley* v. *Hacking,* 258 Mass. 525. *Liberty Trust Co.* v. *Price,* 259 Mass. 596. *Dodge* v. *Bowen,* 264 Mass. 208. The case is to be distinguished from those in which the evidence offered tended to show that the notes were given without consideration, as in *Levison* v. *Lavalle,* 243 Mass. 47, and *Wolff* v. *Perkins,* 254 Mass. 10; or that delivery was conditional, as in *Levison* v. *Lavalle, supra,* (see *Penn Mutual Life Ins. Co.* v. *Crane,* 134 Mass. 56, 61, 62); or that they were discharged by a subsequent agreement as in *First National Bank* v. *Watkins,* 154 Mass. 385.

Even if it is assumed in favor of the defendant that his offer of proof was not limited to his "inclusive" offer of proof but is to be taken as including also all the testimony given in the absence of the jury (see *Daley* v. *People's Building, Loan, & Savings Association,* 172 Mass. 533, 534; *National Surety Company* v. *Portnoy, supra*), there was no error in the exclusion of evidence. The evidence as to the sale of the mortgaged property, the assumption of the mortgage by the purchaser and the dealings between such purchaser and the plaintiff would not have warranted the jury in finding that the plaintiff made a binding agreement with the purchaser extending the time of payment of the notes which would discharge the defendant from liability. *North End Savings Bank* v. *Snow,* 197 Mass. 339, 342. *Lewis* v. *Blume,* 226 Mass. 505, 507. *Codman* v. *Deland,* 231 Mass. 344.

The statements of law made by the judge to the jury were correct for the reasons which support the exclusion of the evidence covered by the defendant's "inclusive" offer of proof.

The verdict for the plaintiff was directed properly. The production of the notes and the defendant's admission of his signatures thereto made a *prima facie* case for the plaintiff,

G. L. c. 107, §§ 47, 51, which was not met by any evidence. *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 205. There remained no question of fact for the jury except the amount of a reasonable attorney's fee which was submitted to them.

*Exceptions overruled.*