MORRIS ROHSTEIN *vs.* J. G. SHEEHAN & another.

Suffolk.    October 7, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Interrogatories.

Where a plaintiff in cross-examination was shown his signature upon answers to interrogatories propounded to him by the defendant and acknowledged the signature, and one of the interrogatories respecting a material issue and the answer thereto were read to him in the presence of the jury, the answer was in effect introduced in evidence.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 5, 1939.

On removal to the Superior Court, the case was tried before *Broadhurst,* J.

*P. L. Keenan,* for the plaintiff.

*E. A. O'Donnell,* for the defendants, submitted a brief.

RONAN, J. This is an action of contract to recover against the drawers of a check dated May 1, 1939, for the sum of $275 payable to Ross Beer Saving System, which was the name under which one Ross, the plaintiff's son, conducted business. The jury returned a verdict for the defendants. The plaintiff excepted to the refusal of the judge to grant his motion for a directed verdict in his favor.

The defendants on or about March 17, 1939, but under the date of March 6, 1939, entered into a written conditional sales contract with Ross for the purchase and installation by Ross of certain equipment in their liquor store. This agreement required the payment of the first instalment of $275 on the purchase price to be made on May 1, 1939, and when the defendants executed this agreement they gave Ross the check, postdated as of May 1, 1939, for this amount. Ross having failed to furnish and install the equipment, the defendants stopped payment on the check. An auditor to whom the case was referred found that there was a failure

of consideration between the payee of the check and the defendants, but he also found that the plaintiff acquired the check on March 21, 1939, that he was a holder in due course and that he was entitled to recover. At the trial in the Superior Court, the plaintiff introduced the check, the contract, and the auditor's report and rested. The defendants introduced evidence tending to show that the plaintiff knew in the latter part of March, 1939, that the check was given to Ross on condition that the equipment would be installed by April 1, 1939, and when installed would operate in a manner satisfactory to them. For the purpose of showing that the plaintiff had such knowledge before he became the holder of said check on May 1, 1939, which was the date on which, the defendants contended, he acquired the check, the defendants called the plaintiff as a witness, who testified that he had answered interrogatories propounded to him by the defendants and signed the answers. His examination then continued as follows: "Q.  Do you remember being asked Interrogatory No. 2, — Interrogatory No. 3?  'State the day and date when the instrument sued upon was negotiated to the plaintiff.'  Do you remember being asked that question?  A.  Yes. — Q. And do you remember — Well, this is your signature, is it not?  'May 1, 1939.'  That is your answer, isn't it? A.  I don't know.  I didn't make that out. — Q.  Just a minute.  Isn't that your answer to the question?  A.  Who made it up? — Q.  Mr. Rohstein, isn't that your answer? Is this your signature?  A.  Yes.  That's my signature."

The only contention that the plaintiff makes is that the record does not show that the answer to any interrogatory was admitted in evidence and his motion for a directed verdict should have been granted.  He concedes that if the answer to this third interrogatory was introduced in evidence, then there was no error in submitting the case to the jury.

We think enough appears from the record by which a jury would be warranted in finding that he signed the answers to the interrogatories and that he answered that he became the holder of the check on May 1, 1939.  There

was no need of formally putting the interrogatory and the answer in evidence, although that would be an orderly method of procedure and would avoid any question as to whether the answer had become a part of the evidence. But the question and answer were read to the witness in the presence of the jury, and for all practical purposes it had the effect of putting the answer in evidence. *Freeman* v. *United Fruit Co.* 223 Mass. 300, 304. *Dome Realty Co.* v. *Cohen,* 290 Mass. 36. *Tighe* v. *Skillings,* 297 Mass. 504. The answer was an admission by the plaintiff as to the date on which he had become the holder, *Williams* v. *Cheney,* 3 Gray, 215, 220, 221; *Lynde* v. *McGregor,* 13 Allen, 182, 185; *Nichols* v. *Allen,* 112 Mass. 23, 24; *Whitman* v. *Fournier,* 228 Mass. 93, and whether the plaintiff upon all the evidence, including the report of the auditor, *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, was a holder in due course became a question of fact which was properly submitted to the jury. G. L. (Ter. Ed.) c. 107, § 79. *Allen* v. *Puritan Trust Co.* 211 Mass. 409. *Paika* v. *Perry,* 225 Mass. 563. *Back Bay National Bank* v. *Brickley,* 254 Mass. 261. *Grenda* v. *Kitchen,* 270 Mass. 559.

*Exceptions overruled.*