Kenton-Walker, Janet, J.
The plaintiff, Franklin Credit Management Corporation (“Franklin”), initiated this action against defendant Sharon Cliche to recover money due under the terms of a promissory note, which is secured by a second mortgage on Cliche multi-family property located at 55 Charles Street in Dorchester, Massachusetts. Cliche defends against payment on the note on the ground of fraudulent inducement and filed a counterclaim against Franklin, in which she seeks damages under the following counts: ratification of fraud (Count I), fruit of the fraud (Count II), aiding and abetting a fraud (Count III), unfair and deceptive acts and practices in violation of G.L.c. 93A (Count IV), and declaratory relief (Count V). *413 Cliche also has filed a third-party complaint against a group of individuals and entities that allegedly joined in a fraudulent scheme involving, among other things, the sale of the Charles Street property to Cliche at an inflated price based on various misrepresentations. This matter is before the court on Franklin’s motion to dismiss Cliche’s counterclaim for failure to state a claim upon which relief may be granted, pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons explained below, Franklin’s motion is allowed with respect to counts I, II, III, and V, and denied with respect to count IV.
DISCUSSION
A complaint must set forth the basis of the pleader’s entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations need not be detailed, but they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . .” Id., quoting Bell Atl. Corp., 550 U.S. at 555. “What is required at the pleading stage are factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 557.
I.Fraud Counts
To recover in tort on a claim of fraud or deceit, Cliche “must prove ‘that [Franklin] made a false representation of a material fact with knowledge of its falsity for the purpose of inducing [Cliche] to act thereon, and that [Cliche] relied upon the representation as true and acted upon it to [her] damage.’ ” Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982), quoting Barrett Assocs. v. Aronson, 346 Mass. 150, 152 (1963); see also Chan v. Chen, 70 Mass.App.Ct. 79, 82 (2007) (fraud requires proof that defendant “knowingly made a false statement of material fact, intending that the plaintiff rely thereon, and upon which the plaintiff did rely”). Allegations of fraud must be “stated with particularity.” Mass.R.Civ.P. 9(b).
Cliche has not alleged that an employee or agent of Franklin made any material misrepresentations to her, or that she relied on any of Franklin’s representations to her detriment. Nor has she alleged that Franklin acted in concert with others in a collaborative effort to defraud her. Cf. Lincoln v. Claflin, 74 U.S. 132, 138 (1868) (liability imposed on defendant who knowingly aided another in execution of fraud); Madigan v. McCann, 346 Mass. 62, 63 (1963) (plaintiffwas “victim of calculated deceit practiced upon him in concert by the defendants”). Rather, all Cliche has alleged is that Franklin is seeking payment as assignee of a promissory note that it knew or should have known was obtained by fraud by Franklin’s predecessor-in-interest. Absent any allegations that Franklin was a knowing participant in the alleged fraudulent scheme, Cliche cannot pursue a claim of fraud against Franklin. Counts I, II, and III of Cliche’s second amended answer and counterclaim will therefore be dismissed.[2]
II. Violation of G.L.c. 93A
Cliche’s G.L.c. 93A count is based on Franklin’s efforts to enforce the terms of the promissory note and to collect payment from Cliche when it allegedly knew that the note had been obtained by fraud or other improper means. Whether Franklin’s collection efforts amount to an unfair or deceptive act or practice is a matter best left for resolution at a later stage in this proceeding. It is sufficient, for purposes of the present motion to dismiss, that Cliche’s allegations plausibly suggest an entitlement to relief under c. 93A.
III. Declaratory Judgment
In Count V of her second amended answer and counterclaim, Cliche seeks a judicial declaration that Franklin is not a holder in due course of the promissory note. See G.L.c. 106, §3-302 (requirements for holder in due course status). The determination of whether Franklin is a holder in due course requires consideration of the evidence and a determination of the facts. Cliche can raise this issue in defending against Franklin’s action to enforce the note, and pleading a separate cause of action for a declaratory judgment concerning Franklin’s “status” does not add anything of substance to this case. Furthermore, the issue of holder in due course status may ultimately rest on disputed issues of fact that would be appropriate for resolution by the jury. See, e.g., Rohstein v. Sheehan, 310 Mass. 221, 223 (1941) (noting that issue of whether plaintiff was holder in due course of check presented question of fact that was properly submitted to jury).
ORDER
For the foregoing reasons, it is hereby ORDERED that Franklin Credit Management Corporation’s motion to dismiss the counterclaim of Sharon Cliche be ALLOWED with respect to Counts I, II, III, and V, and DENIED with respect to Count IV.

 To the extent Cliche claims that Franklin knew that the promissory note was obtained by fraud, she may raise this argument as a defense to payment under Article 3 of the Massachusetts Uniform Commercial Code. See G.L.c. 106, §3-302(aX2) (holder must take instrument “without notice that any party has a defense . . . described in subsection (a) of section 3-305" to qualify for holder in due course status); G.L.c. 106, §3-305(a)(2) (contract-based defenses to enforcement of instrument); G.L.c. 106, §3-305(b) (limitation on defenses that may be asserted against holder in due course).