JOSEPH S. ZIELMANN *vs.* MAXWELL COPELOF & another.

Suffolk. January 13, 1919. — March 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Bills and Notes. Contract,* In writing. *Evidence,* Extrinsic affecting writings.

In a suit in equity to enforce the payment of a promissory note payable to the plaintiff and signed by the individual defendant, that defendant admitted that he delivered the note to the plaintiff but contended that such delivery was conditional. In attempted support of such contention that defendant offered to show an oral agreement between himself and the plaintiff, to the effect that, if the individual defendant did not pay the note when it was due, he was not to be held if the defendant corporation, by which the plaintiff was employed, gave its obligation for the amount of the note. The presiding judge refused to admit this evidence and ordered the jury to return the answer "No" to the question "Was the note in suit delivered upon a conditional delivery?" *Held,* that the exclusion of the evidence and the order of the judge were right, as the note in writing given by the individual defendant to the plaintiff could not be changed by an oral contemporaneous agreement.

BILL IN EQUITY, filed in the Superior Court on March 7, 1918, against Maxwell Copelof and the M. & C. Skirt Company, a corporation, alleging that the defendant Côpelof made and delivered to the plaintiff the promissory note which is described in the opinion and that the defendant Copelof was the owner of shares of stock in the defendant corporation; praying that the debt of the defendant Copelof to the plaintiff be established and that he be ordered to pay the amount of the note to the plaintiff and that his shares and interest in the defendant corporation be applied toward the payment of such indebtedness, also asking for the appointment of a receiver and for further relief.

The answer of the defendant Copelof was as follows:

"1. He denies the allegations contained in the first paragraph of the plaintiff's bill and says that the instrument sued upon was never delivered by him to the plaintiff as and for a promissory note.

"2. And further answering the defendant Copelof says that, if the plaintiff offers evidence tending to show that there was any delivery of the instrument sued upon as a promissory note, then the defendant says that said instrument was delivered on condition that it would not take effect as a note between the parties unless a certain corporation, to wit, the M. & C. Skirt Company of said Boston, failed on or before December 31, 1917, to pay the plaintiff the amount named in said instrument, or to deliver to the plaintiff its own obligation for said amount, and said defendant says that on or before said thirty-first day of December, 1917, said M. & C. Skirt Company did offer to deliver to the plaintiff its own obligation which the plaintiff refused to accept, and therefore the defendant says he owes the plaintiff nothing.

"3. The defendant admits the allegations contained in the second paragraph of the bill." These allegations were that the defendant Copelof was the owner of shares of stock in the defendant corporation, which could not be reached to be attached or taken on execution in an action at law.

The defendant Copelof claimed a trial by jury and issues were framed for a jury as follows:

"1. Was the note in suit delivered upon a conditional delivery?

"2. Has the condition, if any, been complied with before suit was brought?

"3. Has performance of the condition been excused or waived?"

The issues were tried before *McLaughlin,* J. At the close of the evidence, which is described sufficiently in the opinion, the judge directed the jury to answer the first issue, "No." The defendant Copelof alleged exceptions.

*H. Bergson & F. J. W. Ford,* for the defendant Copelof, submitted a brief.

*P. Rubenstein,* for the plaintiff.

CARROLL, J. This is a bill in equity to recover on a promissory note signed by the defendant Copelof (hereinafter called the defendant), and to reach his interest in certain shares of stock in the M. & C. Skirt Company, the defendant corporation. Issues were framed for the jury. At the hearing the plaintiff offered in evidence the note signed by the defendant, for $3,754.96, dated September 25, 1917, payable to the plaintiff on December 31, 1917, and rested. The defendant testified and called the plaintiff as a witness. To the first issue "Was the note in suit delivered upon a conditional delivery?" the jury by direction of the judge found in the negative. By this answer it became unnecessary to consider the other issues. The case is in this court on the defendant's exception to the ruling of the judge directing the jury to answer "No" to the first issue.

It was not disputed that the note in suit was delivered to the plaintiff by the defendant. The plaintiff was employed by the defendant corporation and was the holder of $9,000 par value of its capital stock. He testified that he asked the defendant to buy this stock for the defendant company; that the defendant refused to do this and said, "I will buy the stock from you and will give you $5,000 for it." On August 22, 1916, the defendant wrote the plaintiff saying: "I will upon your assigning to me all your shares of M. & C. stock, hand you my obligation for five thousand dollars ($5,000) less amount you now owe the M. & C. Skirt Co. and the amount I am to give you during September as agreed." The promissory note signed by the defendant was enclosed in a letter to the plaintiff dated September 25, and on September 30, 1916, the plaintiff in writing acknowledged its receipt. On December 29, 1917, the plaintiff wrote the defendant stating he was willing to accept $500 in cash and a new note on demand for the balance, "but this note must be

your personal note and not the note of the M. & C. Skirt Company."

The defendant contends that he was to take the stock, and if his personal note remained unpaid at maturity the company was either to pay the note or to give its own obligation for it. It was permissible for him to show that no contract was made with the plaintiff, that the promissory note was not delivered as a binding agreement, and that its delivery was only conditional. *Watkins* v. *Bowers,* 119 Mass. 383. *Hill* v. *Hall,* 191 Mass. 253, 265. But there was no evidence to support the contention that the delivery of the note was conditional. What the defendant attempted to show was a collateral oral agreement between himself, as the maker of the note, and the plaintiff, the payee, to the effect that if the defendant did not pay the note when it was due he was not to be held if the M. & C. Skirt Company gave its obligation for the note. This could not be done. The agreement was in writing and could not be modified or changed by a parol, cotemporaneous agreement. *Equitable Marine Ins. Co.* v. *Adams,* 173 Mass. 436. *Bryne* v. *Bryne,* 209 Mass. 179. *Aronson* v. *Nurenberg,* 218 Mass. 376.

There was no error of law in directing the jury to answer "No" to the issue "Was the note in suit delivered upon a conditional delivery?" The execution and delivery of the note in payment for the plaintiff's shares of stock in the M. & C. Skirt Company was admitted; the evidence did not show that the note was delivered "upon a conditional delivery." As there was no material question of fact in dispute, there was no question to be submitted to the jury and the direction of the court was right. *Campbell* v. *Whoriskey,* 170 Mass. 63. *Gaston* v. *Gordon,* 208 Mass. 265. *McIntire* v. *Conlan,* 223 Mass. 389.

*Exceptions overruled.*