NICOLA VIGILANTE *vs.* OLD SOUTH TRUST COMPANY.

Suffolk.     December 2, 3, 1924. — February 25, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Auditor. *Commissioner of Banks. Contract,* Validity. *Corporation,* Officers and agents.  *Trust Company,* In possession of the commissioner of banks.

An auditor, to whom an action of contract was referred under an agreement of the parties that his findings of fact should be final, should file a report setting out simply the facts which he finds to be true; and it is improper for him in his report to state that "A statement of the facts material to the issues of the case will be found in the opinion," and to proceed with a discussion of facts and law ending in a finding for the plaintiff.

Upon a taking possession by the commissioner of banks of the property and business of a trust company for any of the reasons set out in G. L. c. 167, § 22, the power of the corporation to transact business ceases and it has no power to employ a former assistant treasurer to visit and solicit its depositors to agree to allow one half their total deposits to remain in the bank and take new capital stock in the company, although the procuring of such agreement by the depositors was a condition required by the commissioner, pending the possession, before he would determine the question, whether the trust company should be allowed to resume the prosecution of its business.

CONTRACT, upon an account annexed for $1,333.33, for "work and labor done and performed by the plaintiff for the defendant, at the defendant's request, from January 1,

1920, to July 10, 1920." Writ in the Municipal Court of the City of Boston dated September 8, 1922.

On removal to the Superior Court, the action by agreement of the parties was referred to an auditor with a provision that his findings of fact should be final. Material facts found by the auditor, the character of his report and proceedings after it was filed are described in the opinion. The action was heard by *Qua*, J., who found for the defendant. The plaintiff alleged exceptions.

*F. P. Fralli*, for the plaintiff.

*S. L. Bailen*, for the defendant.

WAIT, J. The procedure in this case is peculiar. In the Superior Court a rule issued to an auditor whose findings of fact were to be final. The auditor, instead of filing a report setting out simply the facts which he found to be true, reported that "A statement of the facts material to the issues of the case will be found in the opinion," and proceeded with a discussion of facts and law ending in a finding for the plaintiff. Such a course was improper.

On the filing of the report, the plaintiff moved that "judgment be entered in his favor on the Auditor's Report," and the defendant moved that "a 'Finding' be entered for the defendant on the facts as found by the Auditor, and that the remainder of the report as filed be rejected as surplusage." Both parties sought a final determination of the case at the hearing on these motions. The judge denied the plaintiff's motion, allowed the defendant's motion, and made a finding for the defendant. The plaintiff excepts to the finding, the conclusion of fact, the rulings of law, the conclusion of law, the denial of the plaintiff's motion, the allowance of the defendant's motion, and all the rulings involved.

Only questions of law are brought before us by the exceptions. The findings of fact made by the auditor are final. They were so treated by the judge. The facts are, in substance: that, upon some date not stated, the bank commissioner took possession of the property and business of the defendant, the Old South Trust Company, under the statutes now embodied in G. L. c. 167, §§ 22–35, and, pending the possession and before a determination whether the trust

company should be allowed to resume the prosecution of its business, required as a condition of such assumption that the president of the company or the company (the report does not definitely state which) should induce the depositors to allow one half the total deposits to remain in the bank and take new capital stock in the company; that the plaintiff, who was assistant treasurer of the defendant up to the time when the bank was closed, was employed by the president to aid in bringing about a compliance with this condition by visiting and soliciting the depositors; that he was engaged in this work from January to June, 1920, rendered service of value, and is fairly entitled to $564 as compensation; that from time to time he asked for payment, but was told that funds were not available and that he would be paid upon the reopening. Though supporting facts are not set out, the auditor may be taken to find authority to hire in the president, and ratification by the company. The auditor finds that only "the major functions" of the bank were suspended; but he does not set out what, if any, of its functions the bank was, in fact, permitted to perform. No liquidating agent was appointed. The bank did reopen and the plaintiff was not paid.

The Legislature has laid down in the statutes, now G. L. c. 167, §§ 22–35, inclusive, and acts in amendment thereof, a comprehensive course of procedure where, for any of the reasons set out in § 22, the bank commissioner intervenes in the conduct of the business of a bank or trust company. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530. If he decides to take possession he takes "the property and business of such bank." G. L. c. 167, § 22. This includes possession of the franchise. "The bald existence of the corporation remains, but all its other substantial rights and privileges are in suspension." *Greenfield Savings Bank* v. *Commonwealth*, 211 Mass. 207, 209. Thereupon the power of the corporation to transact business ceases. The statutes authorize it, with the written consent of the commissioner, to vote to dissolve

and liquidate; but it can do business again only if the commissioner permits it to resume. G. L. c. 167, §§ 22, 33. The commissioner may use the corporate powers for purposes of litigation, but no one else can exercise them until such time as he may permit the corporation to resume. In the meantime not only is the corporation powerless to act, but "No bank, trust company, association or individual . . . shall have a lien or charge for any payment, advance or clearance thereafter made, or liability thereafter incurred, against any of the assets of the bank of whose property and business the commissioner shall have taken possession . . . ." G. L. c. 167, § 23. This language does not apply to the plaintiff, but it indicates a policy that nothing shall be permitted to deplete the assets held by the commissioner.

The credit of the corporation is one of the things taken by the commissioner. No one but him can subject it to an obligation. There is no finding of fact that the bank commissioner authorized the defendant to employ the plaintiff and to promise payment from its assets. The only reasonable inference is to the contrary. The plaintiff testified that he was told that the assets were not available and he would be paid after the defendant resumed the transaction of its business. Such testimony negatives any inference that the commissioner authorized what was done. It may well be doubted whether the statutes permit the commissioner to give such authority. While "the property and business" of a bank are in his possession, he holds them only for the purposes contemplated by the statutes — their preservation against further loss, and their distribution among creditors, depositors and stockholders. He cannot burden them with obligations incurred for purposes of resumption of business. Great abuse might result if he were allowed so to do; and even greater abuse if the corporation without his consent or knowledge could incur new liabilities.

These considerations dispose of this case. Pending the permission to resume, the officers of the defendant had no power to act so as to bind the corporation; and there was no credit of the corporation which they or it could subject to the obligation which the plaintiff seeks to assert.

The finding of the judge upon the report of the auditor, his orders, and his rulings of law were right. The exceptions are overruled, and under G. L. c. 231, § 124, judgment is to be entered upon the finding for the defendant.

*So ordered.*