NATHAN PELONSKY *vs.* GEORGE V. WATTENDORF.

Suffolk.    March 3, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Note given for security, Consideration. *Evidence,* Extrinsic affecting writing. *Corporation,* Officers and agents. *Trust Company.* *Practice, Civil,* Equitable defence.

A trust company, whose affairs for some time had been in the hands of the commissioner of banks, was about to resume business when it was prevented by a pressing demand by a creditor for $10,000. The president asked a vice-president to fill "the hole" in the company's assets which would be made by meeting the demand. The vice-president at first objected but finally, upon being given a note for $10,000 payable to his order and signed by the president as maker and by another vice-president as indorser, delivered his own demand note for that amount to the trust company. All parties to the note thus given to the vice-president understood that the opening would be

delayed unless the $10,000 "hole" was filled; and they expected that the $10,000 would be made good to him as the company made profits and that the note to him would never put its maker and indorser to any expense.   The payee vice-president said to the president and the other vice-president, "I will hold this note, and if I get stuck, I will hold you fellows.   I hope I won't have to, but, if I get stuck, I will hold you, and I will keep the note."   The company paid the pressing creditor at once with its funds and placed among its assets the note it had received from the vice-president.   In an action by the vice-president as payee against the other vice-president who was indorser upon the note of the president, it was *held*, that

(1) A finding was warranted that there was no conditional delivery of the note in suit;

(2) A promise by the president of the trust company to the plaintiff that the plaintiff's note to the trust company would be taken care of out of the earnings of the trust company without loss to him was invalid; a loss to the plaintiff sooner or later was a certainty;

(3) It was proper to rule that an oral agreement of the parties to the effect that the note in suit was to be enforced only if the plaintiff suffered loss was not admissible in evidence;

(4) There was consideration for the note given by the plaintiff to the trust company, and the giving of that note was consideration for the giving of the note in suit.

In this Commonwealth, one who holds a note as security may enforce it although, at the moment of enforcement, he has not been put to loss.

In an action at law, an equitable defence is not effectual if it does not entitle the defendant to absolute and unconditional relief.

CONTRACT, with a declaration in two counts, described in the opinion.   Writ dated July 15, 1921.

In the Superior Court, the action was heard by *Weed*, J., without a jury.   Material evidence and facts found and rulings made by the judge are described in the opinion. There was a finding for the plaintiff on the first count in the sum of "$10,000 with interest from the date of the writ."   The defendant alleged exceptions.

*C. A. Warren*, for the defendant.

*S. L. Bailen*, for the plaintiff.

WAIT, J.   The plaintiff sued, declaring in two counts alleged to be for the same cause of action, the first, upon a promissory note dated July 10, 1920, payable on demand, with interest at six per cent per annum, made by John R. McVey to the order of the plaintiff, and indorsed, waiving demand and notice, by the defendant; the second, alleging that the defendant is indebted to the plaintiff in the sum of

$10,000 with interest "for money laid out, expended and paid for by the plaintiff at the defendant's special request on the tenth day of July, 1920."

The defendant pleaded a general denial; that the indorsement was made without consideration for the accommodation of the maker and the plaintiff on their representation that they would provide for the payment and that the defendant in no event would be required to pay the note; and that the indorsement was without consideration and upon the agreement between plaintiff and defendant that the note should be delivered conditionally, the condition being that the note should be held as security to indemnify the plaintiff against loss arising from the execution and delivery by the plaintiff to the Old South Trust Company of his note for the same amount without consideration and for its accommodation, and that the maker and indorser should not be required to pay the note or any part unless and until the plaintiff first suffered loss on account of his note to the trust company and only to the extent of such loss, that the plaintiff had not paid said note or any part or suffered any loss in consequence of it.

The case was heard without a jury by a judge who found for the plaintiff on the first count for $10,000 with interest from the date of the writ, July 15, 1921; and for the defendant on the second count. The judge accompanied his findings with a statement of facts found and of rulings made by him. The case is before us upon exceptions saved by the defendant. We shall deal only with the exceptions argued by him.

There is no dispute that the note was executed and placed in the plaintiff's hands in the following circumstances: On July 10, 1920, McVey was the president, and plaintiff and defendant were two of the vice-presidents, of the Old South Trust Company, a banking institution which for some time had been in the hands of the commissioner of banks under the statutes now embodied in G. L. c. 167, §§ 22–35. Arrangements had been made for the resumption of business by the trust company on that day; but the opening was delayed by a pressing demand for the immediate payment of $10,000

before the doors opened. The president called in the plaintiff, set out the situation, and asked him to fill "the hole" in the company's assets which would be made by meeting the demand. The plaintiff objected; but finally gave his demand note for $10,000 with interest to the order of the Old South Trust Company, on receiving the note in suit. Maker, indorser and payee understood that the opening would be delayed unless the $10,000 "hole" was filled; and they expected that the $10,000 would be made good to the plaintiff as the company made profits, and that the note in suit might never put its maker and indorser to any expense. The plaintiff told them: "I will hold this note, and, if I get stuck, I will hold you fellows. I hope I won't have to, but, if I get stuck, I will hold you, and I will keep the note." The company paid the pressing creditor at once with its funds and placed the note signed by the plaintiff among its assets. A renewal note was executed dated January 24, 1921, payable in six months. The original or the renewal note has since July 10, 1920, remained with the assets of the Old South Trust Company in its possession, or in the possession of the International Trust Company to which the Old South Trust Company transferred its assets as of February 26, 1921.

The defendant contends that the judge erred (1) in excluding from consideration on the count on the note the evidence of the understanding between the parties; (2) in finding that the note in suit was delivered with the purpose of giving effect to it; (3) in consideration of the plaintiff's giving his note to the Old South Trust Company; and (4) in ruling that the plaintiff is entitled to recover without proof that he has paid his note or any part of it; and, further, in refusing to give the defendant's fourth, fifth and sixth requests for rulings, which present the same questions of law.

The contentions are unsound. The evidence justifies a finding that there was no conditional delivery. There is nothing to show that when the plaintiff received the note there was any understanding that the instrument was incomplete and was to become an enforceable obligation only at a future time or on the happening of an event. The prom-

ise of McVey that the note which the plaintiff then gave to the Old South Trust Company should be taken care of out of the earnings of the trust company without loss to its maker was invalid, *Vigilante* v. *Old South Trust Co.* 251 Mass. 385, and a loss upon it to Pelonsky, sooner or later, was a certainty. The parties may not have realized this, and whether the note now in suit would ever be enforced was, perhaps, uncertain; but the note was then capable of being enforced to its uttermost limit, and the essential element which distinguishes a full from a conditional delivery is the present capacity of enforcement. *Faunce* v. *State Mutual Life Assurance Co.* 101 Mass. 279. *Zielmann* v. *Copelof,* 232 Mass. 393. *Watkins* v. *Bowers,* 119 Mass. 383.

The judge was right in holding that the oral agreement could not be admitted to control the terms of the note. The defendant seeks to show that "On demand, I promise to pay" reads "If ever you are put to loss on account of the note just given, I promise to pay." This the law does not permit. It is more than a rule of evidence, the principle is a rule of substantive law. *Allen* v. *Furbish,* 4 Gray, 504. *Wright* v. *Morse,* 9 Gray, 337. *Currier* v. *Hale,* 8 Allen, 47. *Hodgkins* v. *Moulton,* 100 Mass. 309. *Merrigan* v. *Hall,* 175 Mass. 508. *McCusker* v. *Geiger,* 195 Mass. 46. *Zielmann* v. *Copelof, supra.*

There was consideration for the note given to the Old South Trust Company. On the faith of that note, and so without diminishing its assets, that company paid the $10,000 claim, and the plaintiff benefited by the opening of the bank which was thus made possible. Both maker and indorser of the note in suit benefited by that opening, and the plaintiff incurred an actual obligation to the trust company. The giving of the first note was a good consideration for the note in suit. *Hodgkins* v. *Moulton, supra. Backus* v. *Spaulding,* 116 Mass. 418.

It is no new law in Massachusetts that one who holds a note as security may enforce it although, at the moment of enforcement, he has not been put to loss. *Hapgood* v. *Wellington,* 136 Mass. 217. *Hubon* v. *Park,* 116 Mass. 541. *Turner* v. *Rogers,* 121 Mass. 12. *Moseley* v. *Ames,* 5 Allen, 163.

The propriety of the rule is apparent from this case. The plaintiff may at any moment be compelled to pay his note, and so long as that liability exists he needs his security or its proceeds. The plaintiff cannot keep for himself more than full indemnity for the loss which he suffers; but he can hold the proceeds of the note till all possibility of further loss is ended. See *Slade* v. *Hood,* 13 Gray, 97, and *Little* v. *Little,* 13 Pick. 426, which must rest upon this ground, though no statute then authorized the defence at law.

When the plaintiff's liability has come to an end, if he then has suffered no loss, the defendant would have a full equitable defence to a suit on the note; but, at law, there is no equitable defence unless it entitles him to absolute and unconditional relief. G. L. c. 231, § 31. *Barton* v. *Radclyffe,* 149 Mass. 275.

The defendant's exceptions do not present the question whether the judge was right in allowing interest upon the note only from the date of the writ, and we do not consider it. The order must be

*Exceptions overruled.*