*Northern District*

No. 5730

**HARRY W. GORIN, et al**

v.

**PETER McCANN**

May 23, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Farley, J.* in the First District Court of Southern Middlesex (Framingham). No. 8059.

*Brooks, P. J.* This is an action of contract to recover for amounts due for the unexpired term of a lease.

Defendant alleged general denial, payment, infancy and disaffirmance of the contract. Defendant also filed a declaration in set-off to recover the sum of $75.00 deposited by defendant with plaintiffs as security in case defendant breached the lease.

The docket indicated, although the report did not, that plaintiff filed an answer to the declaration in set-off.

*There was uncontradicted evidence that* defendant, on August 9, 1960, signed a lease of apartment #5 at 50 Buswell Street, Boston, beginning September 1 to run for one year for a rental of $900.00 payable $75.00 monthly in advance.

It was agreed that defendant was born November 15, 1939; that on signing the lease he deposited with plaintiff $75.00 and there-

after made four payments of $75.00 each; that he and his wife moved out of the apartment at the end of December, 1960; that in a letter to plaintiff dated February 1, 1961, defendant indicated that he was a minor at the time of executing the lease and that he disaffirmed the contract of lease and requested the return of his deposit; that the premises were rerented to another tenant June 20, 1961 at an increased rental.

There was no evidence as to whether the defendant had a parent or guardian able and willing to supply lodging for him. At the close of the evidence defendant filed the following Requests for Rulings:

1. The evidence warrants a finding for the defendant in the action in which Peter McCann is the defendant.

2. The evidence requires a finding that the defendant, Peter McCann, disaffirmed and avoided the lease dated August 9, 1960, by written notice dated February 1, 1961.

3. The evidence does not warrant a finding that the defendant, Peter McCann, affirmed the contract or lease made at a time when he was a minor.

4. The evidence requires a finding that the defendant, Peter McCann, was born on November 15, 1939 and that on August 9, 1960 he was a minor, and as such the lease agreement was voidable at the option of the defendant.

5. An infant is not liable on the contract he makes, but is liable in quasi contract for the fair value of the necessaries. 141 Mass. 527. A written

lease of premises is not a necessary of life.

6. Even if the defendant, Peter McCann, may be said to be liable for the fair rental value of the premises which he occupied through December, 1960, the unexpired portion of the lease (from January 1, 1961 to September 1, 1961) cannot as a matter of law be considered a necessary.

7. Staying in possession of property but failing to make payments due on a mortgage note does not constitute ratification of note made during infancy. 136 Mass. 405.

8. The evidence warrants no other finding than that Sue McCann, after November 15, 1960, made a payment to the plaintiff.

9. The evidence requires a finding for the defendant, Peter McCann, on his declaration in set-off, in the sum of $75.00, the same representing a deposit given as security for the performance of the terms of a lease, which lease was entered into by the parties at a time when said Peter McCann was a minor, and which lease was disaffirmed by said Peter McCann.

10. If an infant or minor has a parent or guardian able and willing to supply a necessary, then the infant or minor is not liable for said necessary.

11. Affirmative proof that an infant does not have a parent or guardian able and willing to supply a necessary is part of the plaintiff's case. 171 Mass. 237.

12. As matter of law the evidence in this case does not warrant a finding that the plaintiff has proven affirmatively that the defendant did not have a parent or guardian able and willing to supply lodging.

13. Affirmative proof of agency is required to prove agency.

14. There is no presumption of agency between husband and wife.

15. As matter of law the evidence requires a finding that the plaintiff has not proven agency.

The court made the following Findings and Rulings:

The defendant, a married man whose date of birth is November 15, 1939, entered into a contract with the plaintiffs dated August 9, 1960 whereby the defendant leased and rented of the plaintiffs certain premises known as Suite #5, 50 Buswell Street, Boston. The terms of said lease provided for occupancy by the defendant for a term of one (1) year commencing September 1, 1960 at a term rental of $900.00 payable in installments of $75.00 per month. I further find that upon execution of the said lease, the defendant deposited $75.00 with the plaintiffs as security for the faithful performance of all the terms and covenants contained in said lease. Thereafter, four payments of $75.00 were made plus the escrow payment of $75.00.

I find that the defendant and his wife moved out of the apartment at the end of December, 1960. The defendant notified the plaintiffs, by letter dated February 1, 1961 postmarked "Holliston", of his intention to disaffirm the contract as he was a minor when he executed the contract. The defendant also demanded

return of the $75.00 deposited as security under the terms of the lease.

I find for the plaintiffs, Harry N. Gorin and Frank Leeder, d/b/a H. N. Gorin & Leeder Management Co. in the amount of $600.00, the rental for the unexpired portion of the lease. I find as a fact the defendant is not liable for the painting and restoration of the premises under the terms of the lease.

I find for the defendants, Harry N. Gorin and Frank Leeder, d/b/a H. N. Gorin & Leeder Management Co. in set-off.

Having found for the plaintiffs (defendant in set-off) I treat plaintiffs' Requests for Rulings as waived.

Defendant's Requests for Rulings:

1. Allowed, but I do not so find.
2. Allowed.
3. Allowed, but see No. 5.
4. Allowed, but see No. 5.
5. I construe this to be two separate requests. As to request 5a) "An infant is not liable on the contract he makes, but is liable in quasi contract for the fair value of the necessaries," this request is allowed, but I find as a fact the premises occupied by the defendant were reasonably worth $900.00, the rental for a one year period as set forth in the agreement between the parties.

 As to request 5b) "A written lease of premises is not a necessary of life", this request is denied. I find as a fact that a written lease of premises executed by a minor to provide lodging for himself and his wife is a necessary of life.

6. Denied. I find that the contract as executed by the defendant was a necessary of life which includes the unexpired as well as the expired portion of the lease.
7. Allowed.
8. Allowed.
9. Denied. I find as a fact the defendant broke his agreement with the plaintiffs and forfeited the sum of $75.00 given as security for the performance of the terms of the lease.
10. Denied. I find that when a minor executes a lease to provide lodging for himself and his wife, he becomes liable, in his own right, for this necessary.
11. Allowed, but see No. 10.
12. Allowed, but see No. 10.
13. Allowed.
14. Allowed.
15. Allowed.

Defendant filed a motion for vacating of finding and for a new trial, the grounds therefore being substantially that the amount of the finding for plaintiff, if any, should have been $350.00; that a lease is not a necessity of life; that plaintiff has failed to prove that defendant does not have a guardian or parent able and willing to supply a necessity.

The court denied the motion but corrected the finding by substituting the sum of $425.00 for $600.00.

The report stated that it contained all the evidence material to the questions reported.

Defendant claimed to be aggrieved by the denial of the Requests for Rulings #6 and

♯9 and by the court's allowance of defendant's other Requests and by the Court's Findings and by the denial of defendant's motion for vacating finding and for a new trial.

The primary issue in this case is actually very narrow, namely, whether or not the lease which defendant signed and later disaffirmed was a Necessary within the law applying to persons legally known as Infants. A subsidiary issue was as to defendant's right to have his deposit of $75.00 credited to him together with his four other payments, making a total rent credit of $350.00. This, together with an allowance for two months and ten days covering the period of re-rental, would reduce the amount of the finding from $425.00 to $350.00.

The law is well settled that contracts for necessaries are binding upon a minor and that he is liable on contracts which the law requires him to make. *J. G. Pierce Co. v. Wallace,* 251 Mass. 385; c. Cited in *Frye v. Yasi,* 327 Mass. 724, 728. It is a minor's duty to support his wife. This, in other words, is a necessary. What is a necessary, may be a mixed question of law and fact. In *Moskow v. Marshall,* 271 Mass. 302 the court held that in the circumstances of the case a college education was not such a necessary as to take the contract out of the rule relating to infants. They went on to say however: "the term 'necessaries' is a flexible and not an absolute term having relation to the infants condition in life to the habits and pursuits of the place

in which and the people among whom he lives and to the changes in those habits and but what is a proper education depends on . . . . . "A proper education is a necessary, pursuits occurring in the progress of society" circumstances." . . . . . "A college education is not as matter of law a necessary though very likely circumstances could be shown which would warrant that conclusion as a matter of fact." See also *Adamowski v. Curtis-Wright Flying Service,* 300 Mass. 281, 283.

The above language may properly be applied to the support of a wife. Housing is of course necessary, but extravagant rent could well be held not to be a necessary. This really becomes a matter of fact for the trial judge to determine within certain limits. In the case before us the rental on its face does not appear to be excessive. The judge has so found and his finding should not be upset. *Eliot v. Warwick Stores,* 329 Mass. 406, 409. So much for the major question in the case.

As to the issue whether defendant should be credited with his *deposit* of $75.00 towards rent owed, the question to be answered is— Was the deposit in the nature of a penalty which the law does not favor or liquidated damages which are generally enforceable.

Clause 29 of the lease is very explicit:

In further consideration of the execution of this lease by the Lesser, the Lessee deposited on August 10, 1960 the sum of Seventy-Five ($75.00) Dollars, receipt of which is hereby acknowledged, said sum to be held by the Lessor as security for the

faithful performance of all the terms, conditions and covenants contained in said lease which sum is to be in no way construed as prepayment of rent in advance, and it is expressly agreed and understood that said sum of $75.00 is to be returned to the Lessee only at the expiration of this lease, and only in the event that the Lessee has fulfilled all the terms, conditions and covenants contained in said lease.

It is clear that it was intended by the parties that the deposit was not to go for rent. In *Guerin v. Stacey,* 175 Mass. 595 discussing the question of whether a sum required to be paid was a penalty or liquidated damages, Holmes, C. J. said "We heartily agree with the court of appeals in England that so far as precedent permits the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages, they will be taken to mean what they say and will be held to their word." Chief Justice Holmes quotes Baron Parke in Atkyns v. Kinnier, 4 Exch. 776, 783: "if there be a contract consisting of one or more stipulations, the breach of which cannot be measured (as in a theory of law the damage caused by a failure to pay money can be), then the parties must be taken to have meant that the sum agreed on was to be liquidated damages and not a penalty."

In our case while the words "liquidated damages" were not used, the language of the

lease clearly points in that direction by expressly asserting that it was in no way to be construed as prepayment of rent and was to be returned only in the event that the lessee had fulfilled all the terms of the contract, which of course he had not done. In short we hold that the trial judge's finding of $425.00 was correct.

One further word.—It is to be borne in mind that the Infant in this case, like the Infant in *C. v. Graham*, 157 Mass. 73, had been emancipated and therefore that it is immaterial whether or not he had a guardian or parent willing and able to pay the rent. This also eliminates the necessity of considering whether the deposit was a necessary.

We note no errors in the findings of the court or its disposition of the Requests for Rulings.

Report dismissed.

Charles A. Goglin, Jr., of Boston, for the Plaintiff.
John St. Andre, of Framingham, for the Defendant.