ALBERT G. TOBIN & another[1] *vs.* COMMISSIONER OF BANKS & another.[2] February 28, 1979. On October 28, 1977, the Commissioner of Banks certified to the Co-operative Central Bank (Central) that it was "unsafe and inexpedient" for the Roslindale Co-operative Bank (Roslindale) to continue its present operation and therefore Central was ordered to take possession and control of the property and business of Roslindale. See St. 1934, c. 73, § 4.

Roslindale's president, Albert G. Tobin, brought a complaint alleging that the Commissioner's actions were arbitrary and capricious and the certification was made "without just cause." The bank president also alleged an individual claim based on the Commissioner's action. The defendants filed a motion to strike the appearance of Roslindale's attorney on the ground that the attorney was not authorized to represent Roslindale. The judge struck the attorney's appearance, ruling that the "bank's claims in this case have been brought by an attorney who was not authorized to act in its behalf." He dismissed Roslindale's complaint *without prejudice* and entered a judgment to the effect that "there is no just reason for delay and upon an express direction for the entry of judgment." Mass. R. Civ. P. 54(b), 365 Mass. 820 (1974). See *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677 (1977).

We need not decide whether the judgment entered is appealable, because on appeal, the plaintiff does no more than state as an issue the striking of the appearance of the attorney and, *in his conclusion*, he asks that the order be vacated. This is an insufficient appellate argument. Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 919 (1975). See, e.g. *Olsson* v. *Waite*, 373 Mass. 517-521 (1977); *Mahoney* v. *Board of Appeals of Winchester*, 366 Mass. 228, 233 (1974), appeal dismissed, 420 U.S. 903 (1975); *Ford* v. *Flaherty*, 364 Mass. 382, 387 (1973); *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958). This issue is therefore deemed waived. Thus, Roslindale's complaint is not before us and the appeal must be dismissed.

Furthermore, in the absence of a statute or a corporate by-law, the authority to file an action against the Commissioner on behalf of the bank is vested in the board of directors, and not the president. See generally G. L. c. 170, § 8. Cf. *Kelly* v. *Citizens Fin. Co. of Lowell, Inc.*, 306 Mass. 531, 532 (1940); *Mahone* v. *Manchester & Lawrence R.R.*, 111 Mass. 72, 75 (1872); *Ashuelot Mfg. Co.* v. *Marsh*, 1 Cush. 507, 508

---

[1] Roslindale Co-operative Bank.

[2] Co-operative Central Bank.

(1848). Accord, *Pacific Bank* v. *Stone*, 121 Cal. 202, 208-209 (1898). The pleadings are devoid of any facts or any allegations concerning such authorization by Roslindale's board of directors.[3]

The judge dismissed the president's individual claim on the ground that it failed to state a claim on which relief could be granted. See Mass. R. Civ. P. 12(b)(6), 365 Mass. 754 (1974). Before being removed, the plaintiff has a statutory right to a hearing before the Commissioner, review of the Commissioner's decision by an administrative board composed of the State Treasurer, the Attorney General and the Commissioner of Revnue and then judicial review of the removal decision. See G. L. c. 167, § 5. Since the plaintiff brought suit before his removal and before resort to the required hearing, his complaint was rightly dismissed. See *Gallo* v. *Division of Water Pollution Control*, 374 Mass. 278, 288-289 (1978); *J. & J. Enterprises, Inc.* v. *Martignetti*, 369 Mass. 535, 540-541 (1976); *Gordon* v. *Hardware Mut. Cas. Co.*, 361 Mass. 582, 587 (1972). Cf. *Lowell Gas Co.* v. *Attorney Gen., ante* 37, 45 (1979).

We conclude that the appeal from the granting of the motion to strike the appearance of the attorney acting on behalf of Roslindale has been waived. Therefore, that appeal is dismissed. As to the individual complaint, the judgment is affirmed.

*So ordered.*

*Robert H. Tobin* for the Roslindale Co-operative Bank & another.
*Andrew J. McElaney, Jr.*, Assistant Attorney General, for the Commissioner of Banks.
*John J. McCarthy* for the Co-operative Central Bank.


---

[3] We think that *Vigilante* v. *Old South Trust Co.*, 251 Mass. 385, 387-388 (1925), applies to all the bank's business, but does not, as the defendants suggest, preclude a co-operative bank's board of directors from challenging the Commissioner's certification of the bank either before the Commissioner or, in some circumstances, in court. See G. L. c. 231A, §§ 1, 2. See also *Samuel* v. *Pittsfield Licensing Bd., ante* 908 (1979). Cf. G. L. c. 167, §§ 22, 33.