The plaintiff-landlord, Peter Tsaklis, commenced this summary process action on November 7, 2016, after the defendant-tenant, Lacresha Robinson, failed to vacate the premises when the lease expired on September 30, 2016. Following mediation, the parties entered into an agreement for judgment on December, 1, 2016. The agreement provided, in relevant part, that judgment for possession and $3,000 in rent owed for November and December, 2016, was to enter for the landlord on December 1, 2016, but execution would be stayed until January 2, 2017, provided that the tenant vacate the premises on or before December 31, 2016 (paragraph 5A), and that the premises be left in broom clean condition (paragraph 5B). Paragraph 5D of the agreement further provided that "[u]pon compliance with the above stipulations and surrender of the keys, [the landlord] agrees to waive the total judgment in full and shall pay [the tenant] the total amount of $2,150."
When the tenant vacated the premises, the landlord refused to pay the $2,150, claiming that the tenant failed to satisfy the conditions set forth in paragraphs 5A and B of the agreement. The tenant filed a "Motion to Enforce Settlement Agreement," which the judge allowed after an evidentiary hearing at which both parties testified. More specifically, the judge determined that the tenant was not in material breach of the agreement, ordered that the $3,000 judgment for the landlord be "waived and reduced to zero," and ordered the landlord to pay "the $2,150 he agreed to pay to the [tenant]."[2] The landlord now appeals.
The landlord contends that the judge was blatantly biased against him. He further claims that the judge misinterpreted the agreement and that some of her findings were clearly erroneous.[3]
As to the sufficiency of the evidence in support of her findings, the landlord has provided only four pages of the transcript, only two of which contain testimony. In the absence of a complete transcript, we "cannot find that any of the judge's factual findings are clearly erroneous." O'Meara v. Doherty, 53 Mass. App. Ct. 599, 606 (2002). Likewise, we cannot say, on the limited record before us, that the judge was biased in favor of the tenant.
Moreover, the landlord fails to cite to any case law, statutes, or other legal authority to support his arguments. Accordingly, the claims do not rise to the level of appellate argument, and are deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Tobin v. Commissioner of Banks, 377 Mass. 909, 909 (1979).
Order dated May 1, 2017, allowing motion to enforce agreement affirmed.

The judge found that the tenant and her family were in the process of moving from the house on December 31, 2016, when an occupant asked the landlord to disconnect a water line to the refrigerator and open the garage doors so that larger furniture items could be removed. The landlord told them that only his brother, who was present at the time, could do those things, and that he would come back later to do them. The brother did not return until January 3, 2017. The plaintiff removed the rest of her belongings (the refrigerator and furniture that needed to be removed through the garage) that day. The judge found that the landlord contributed substantially to the small delay. She rejected the landlord's contention that the tenant breached the condition of the agreement that the apartment be left in broom clean condition because he had failed to establish that the boxes and furniture left behind belonged to the tenant.

The landlord contends that his brother returned later in the day on December 31, 2016, to disconnect the water and to open the garage, not, as found by the judge, on January 3, 2017. He also argues that the tenant never returned the keys and the judge failed to make a finding to that effect. Finally, he contends that the judge's finding that the premises were left in broom clean condition was clearly erroneous given the evidence he presented to the contrary. We note that the brief portion of the transcript provided in the record appendix appears to indicate that the parties dispute when the keys were to be turned over. In any event, based on the limited record before us, including the incomplete transcript, we cannot say that the landlord has met his burden of demonstrating that the judge's findings are clearly erroneous. See O'Meara v. Doherty, 53 Mass. App. Ct. 599, 606 (2002).