NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-651

GUARDIANSHIP OF D.S.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial on a petition for guardianship filed by the mother of D.S.S., a judge of the Probate and Family Court issued a decree appointing Attorney Karen Sandler as sole plenary guardian of the mother's incapacitated son. The mother appeals from the decree. Among other arguments, the mother contends, in essence, that Attorney Sandler is not suitable for the sole guardianship over D.S.S. We affirm.[1]

Background. At the time of trial, D.S.S. was a twenty one year old "mentally retarded person" and an "incapacitated person" as such terms are defined in G. L. c. 190B, § 5-101 (9) and (12), and "remain[ed] in need of a plenary guardian." D.S.S. suffered from diagnosed "moderate intellectual disability and autism spectrum disorder," was nonverbal, and received services from the Department of Developmental Services (DDS).

---

[1] We acknowledge receipt of the mother's April 24, 2023 letter to this court.

On June 8, 2018, the mother filed a petition for guardianship of D.S.S., along with an ex parte motion for appointment as his temporary guardian, for D.S.S. to undergo a dental procedure requiring anesthesia.  An order entered appointing the mother temporary guardian of D.S.S. on June 12, 2018, and the dental procedure went forward.  The temporary guardianship order was set to expire on September 26, 2018, with a review hearing scheduled for the same day.  DDS filed a notice of appearance, an objection to the mother's appointment, and a supporting affidavit.[2]  At the review hearing, the temporary guardianship was modified by agreement of the parties and the court appointed the mother and Attorney Sandler as temporary coguardians of D.S.S.  In 2019, a guardian ad litem (GAL) was appointed to investigate and evaluate whether the mother was an appropriate and suitable candidate for appointment as D.S.S.'s sole guardian.  The matter went to trial in November 2021.[3]  In her thoughtful and comprehensive posttrial findings of fact and rulings of law, which need not be repeated in detail herein, the judge concluded that although the mother "loves her son" and

---

[2] As the judge found, "[t]here is a significant history of problematic behavior by [the mother] with her son, including resulting reports to the Disabled Persons Protection Commission (DPPC) that demonstrate her lack of understanding of her son and his capabilities."

[3] Counsel was appointed for D.S.S. at DDS's request.  D.S.S.'s counsel "represented that he does not believe [the mother] is an appropriate or suitable guardian for her son, [D.S.S.]"

2

"tries in her own way to do what is best for him," the mother does not truly understand or accept the nature of D.S.S.'s disabilities and is not a suitable guardian for him. The judge also determined that Attorney Sandler is a suitable guardian who has significant experience as an "advocate for persons with intellectual disabilities and has been serving as a guardian for several individuals served by DDS." The judge appointed Attorney Sandler as D.S.S.'s sole guardian.

Discussion. In her brief, the mother takes exception to the GAL's reports, claims that Attorney Sandler is not a suitable guardian for D.S.S., intimates that Attorney Sandler is using D.S.S. as a profit center and has bullied the mother, and complains that a DDS coordinator has engaged in "constant bullying," threats, and "psychological terror to the entire family." The mother's briefing is legally inadequate. She fails to cite to any case law, statutes, or other legal authority to support her arguments. Accordingly, the claims do not rise to the level of appellate argument and are deemed waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019); Tobin v. Commissioner of Banks, 377 Mass. 909, 909 (1979).

Even assuming, arguendo, that the mother's arguments were sufficiently stated in her brief, there is nothing in the appellate record demonstrating that any of the judge's findings

3

are clearly erroneous or that she abused her discretion in determining that the mother is not a suitable guardian while Attorney Sandler is.[4]  See generally G. L. c. 190B, §§ 5-305, 306, 309.  See also Guardianship of Bassett, 7 Mass. App. Ct. 56, 64 (1979).  To the contrary, the judge's ample findings have support in the record and show that the judge carefully weighed the evidence and effectuated D.S.S.'s best interests.  See Guardianship of B.V.G., 474 Mass. 315, 321 (2016) ("guardianship proceeding is designed to effectuate the best interests of the incapacitated person").  Accordingly, we affirm the decree of guardianship.[5]

Decree affirmed.

By the Court (Neyman, Sacks & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  May 24, 2023.

---

[4] As the judge noted and we have no doubt, the mother loves her son and wants what is best for him.  Nothing stated herein should be construed to suggest otherwise.

[5] To the extent we do not discuss other arguments made by the mother, they have not been overlooked.  "We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[6] The panelists are listed in order of seniority.

4